## KELLSTROM *v.* CITY OF DETROIT.

1. TRIAL—MOTION FOR JUDGMENT NON OBSTANTE.

In determining whether judgment should be entered for defendant notwithstanding verdict for plaintiff, evidence must be considered most favorably to plaintiff.

2. STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where the driver of an automobile knew that street cars were required to stop before crossing boulevard, and car appeared to be stopping, whether automobile driver was guilty of contributory negligence in proceeding to cross, *held*, question for jury.

3. APPEAL AND ERROR—AMENDMENT OF PLEADING PERMISSIBLE ON APPEAL.

Where amendment of declaration was permitted by trial court to admit evidence of ordinance, which was not pleaded, but formal amendment not made, amendment may be made in Supreme Court.

4. SAME—GREAT WEIGHT OF EVIDENCE—NUMBER OF WITNESSES NOT DECISIVE.

Where the testimony was in conflict as to whether street car stopped before crossing boulevard, verdict for plaintiff should not be set aside as against great weight of evidence merely because defendant had greater number of witnesses.

5. SAME—TRIAL—INSTRUCTIONS—IMPUTABLE NEGLIGENCE.

In action by passenger of automobile struck by street car, failure of trial court to give requested instruction which only indirectly alluded to doctrine of imputed negligence was not reversible error, where court instructed jury that before plaintiff could recover he must establish that there was nothing done in operating automobile which was negligent, and also gave other of defendant's requests in which jury was advised in what respects it might find driver negligent.

---

As to care required of driver of automobile at intersection of street, see annotation in 28 A. L. R. 253; 46 A. L. R. 1021.

6. Same—Confusion in Instructions Not Reversible Error Where Jury Not Misled.

In action by passenger of automobile struck by street car, confusion in charge in sometimes instructing jury as though plaintiff himself had driven the automobile was not reversible error, where the court, in beginning of charge, spoke of "an automobile in the hands of the driver of plaintiff, or with whom he was riding," so that jury must have understood facts and not been misled by said confusion, and especially in absence of request for more specific instruction.

Wiest, C. J., and North, J., dissenting.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted June 7, 1929. (Docket No. 109, Calendar No. 33,509.) Decided January 29, 1930. Rehearing denied April 7, 1930.

Case by Gust Kellstrom against the City of Detroit, a municipal corporation, for personal injuries sustained in collision of an automobile and a street car. Upon verdict for plaintiff, judgment was rendered for defendant *non obstante veredicto.* Plaintiff brings error. Defendant also brings error. Reversed, and judgment ordered entered for plaintiff.

*Walter M. Nelson,* for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel (*Hazen J. Payette* and *James S. Shields,* of counsel), for defendant.

Clark, J. Plaintiff was riding in an automobile with two other men, one of them Gager, the driver, to their place of employment in Detroit. Driving on West Grand boulevard and coming to the intersection of the boulevard and Hamilton avenue, the automobile collided with a street car of defendant, and plaintiff was severely injured. He had verdict for $8,000. On motion for judgment notwithstanding the verdict, defendant had judgment on the

ground of contributory negligence as a matter of law. Plaintiff brings error, presenting the single question that the court erred in ordering the judgment. Defendant also has 53 assignments of error, 39 of which are discussed and relied upon in its brief.

Whether Gager, the driver of the automobile, was guilty of contributory negligence (imputed to plaintiff riding with him) was a question for the jury, and the court erred in ordering judgment for defendant. On this matter the evidence must be viewed most favorably to plaintiff. Plaintiff was going east on the boulevard just before daylight. The street car was moving north on Hamilton. No other vehicles or cars were near the intersection at the time. Gager slowed the automobile for the intersection to between 7 and 9 miles per hour. When at or near the building line on the west side of Hamilton he saw the street car about 25 or 30 feet from the sidewalk line. It appeared to be coming to a stop. Gager, who had run street cars, knew that the street car was required to stop on the near side of the boulevard, and before crossing, and he had such requirement in mind at the time. Having observed the street car, he looked the other way, to the north on Hamilton, and proceeded to cross with the result stated. Plaintiff's witnesses testified that the street car did not stop before crossing the boulevard. An ordinance of the city required such stop. Plaintiff had testimony that the speed of the street car at or near the moment of impact was about 20 miles per hour. Gager was not bound to anticipate that the street car would cross the boulevard without stopping. His knowledge of the rule requiring the street car to stop, and his reliance on it at the time, and his observation that the car appeared to be stopping, made the question of whether his attempting to cross

in front of the approaching street car was contributory negligence one of fact for the jury. See *Green* v. *Railway,* 218 Mich. 59; *Theisen* v. *Railway,* 163 Mich. 68. And for review of authorities on the matter, see notes 46 A. L. R. 1021 and 28 A. L. R. 253; *Schmidt* v. *Philadelphia Rapid Transit Co.,* 253 Pa. 502 (98 Atl. 691, 17 N. C. C. A. 711–712, note). Plaintiff is entitled to judgment on the verdict, unless defendant's assignments of error require reversal.

A number of such assignments present the contention that the ordinance or ordinances were not admissible, not having been pleaded. The trial court permitted an amendment in this regard, and admitted the evidence. But it is urged that plaintiff had not yet amended formally. If that be so, he may amend here.

Defendant's chief point is that the verdict is against the great weight of the evidence. The issue of greatest importance is whether the street car stopped before crossing the boulevard. At least two of plaintiff's witnesses testified that it did not stop, the two who rode with plaintiff in the automobile. Their testimony is consistent and without badge of falsehood. This is also true of the testimony of witnesses for defendant on that issue, who said the car did stop. That defendant had the greater number of witnesses is not decisive. It seems improbable that a motorman would run a street car without stopping across a thoroughfare like the boulevard. But on the other hand, it was before daylight, and the record indicates no other vehicles or cars at or near the intersection at the time. On full consideration of the evidence, we are not moved to set aside the verdict on this ground.

It is next urged that the verdict is excessive. The rule to be used in determining this question is stated in *Fishleigh* v. *Railway,* 205 Mich. 145, and it has

been restated many times, and need not be repeated here. Applying the rule to this case permits the verdict to stand.

The court was not requested to instruct of the doctrine of imputed negligence, of imputing to plaintiff, a voluntary passenger of mature years, the negligence of the driver of this private conveyance, except this:

"The plaintiff, Mr. Kellstrom, and his attorneys, must prove to you by a preponderance of the evidence, that the driver of the auto, Mr. Ted Gager, was in no way negligent in causing this accident."

The court did instruct that, before plaintiff could recover, he must establish "that there was nothing done in operating the automobile which was negligent, known in law as contributory negligence," and the court gave four of defendant's requests in which the jury was advised in what respects it might find Gager to have been negligent. We think, in view of the brief quoted request, the court's instructions were sufficient to escape a holding of reversible error. And in this regard there is some confusion in the charge, of which complaint is made. The court in some instances instructed as though the plaintiff himself had driven the automobile. But in the beginning of the charge he spoke of "an automobile in the hands of the driver of the plaintiff in this case, or with whom he was at the time riding." In other instances he mentioned Gager by name as the driver of the automobile. The jury heard the simple facts, and we are not impressed that they were misled in this respect by the court's instructions, and this, with the absence of a request for more specific instruction, requires a holding that the matter is not reversible error.

A number of other assignments are on the charge and of failure to charge as requested. Nothing will

be gained by an extended discussion. It is sufficient to say that the requests, so far as proper, were fairly covered, and the charge, taken as a whole, was not prejudicial to defendant. The defendant's assignments present no reversible error.

Reversed and remanded, with direction to enter judgment on the verdict. Costs to plaintiff.

McDonald, Potter, Sharpe, and Fead, JJ. concurred with Clark, J.

Wiest, C. J. (*dissenting*). I do not think the judgment should be reversed and the case remanded, with direction to enter judgment for the plaintiff.

There should be a new trial, because of error assigned by defendant. The court was in error in not giving the following instruction, requested by defendant, or covering the point in the charge to the jury:

"The plaintiff, Mr. Kellstrom, and his attorney, must prove to you by a preponderance of the evidence, that the driver of the auto, Mr. Ted Gager, was in no way negligent in causing this accident. Negligence means the failure to exercise that degree of care that a reasonably prudent person would have exercised under the same circumstances.

"The city of Detroit need not show that Mr. Gager did not use that degree of care. Mr. Kellstrom and his attorney must show you that Mr. Gager did use that degree of care, and unless you are convinced that Mr. Gager did use that care that a reasonably prudent person would have used under the same circumstances you must assume that Mr. Gager was negligent and if Mr. Gager was negligent, then Mr. Kellstrom and his attorney must convince you that such negligence, if any, in no way contributed to the causing of this accident, so that, unless you are convinced that Mr. Gager was not guilty of any negligent act contributing to the causing of this accident,

your verdict must be for the defendant, city of Detroit, and in form, no cause of action.

"Preponderance of the evidence means evidence that is more convincing to you than that evidence offered against it. So that in this case, Mr. Kellstrom and his attorney must convince you by more convincing evidence than the city of Detroit offers here, that the driver of this auto, Mr. Ted Gager, used the same degree of care to prevent this accident that a reasonable, prudent person would have used under the same circumstances."

The court repeatedly instructed the jury that the *plaintiff* had to show that he was not guilty of negligence contributing toward the accident, but failed to point out that plaintiff also had to show that the driver was not guilty of contributory negligence. Under the instruction given by the court, the jury could well ignore want of care on the part of the driver, for they were not told that negligence of the driver, if any, was imputed to plaintiff, and that plaintiff must not only show due care upon his own part, but as well due care upon the part of the driver.

The following instruction did not cover the point:

"He must establish further that he did nothing or that there was nothing done in operating the automobile which was negligent, known in law as contributory negligence. In other words, he must establish the fact that the defendant was negligent and that he was guilty of no negligence. If the jury finds from the testimony in this case that the plaintiff was guilty of negligence to such a degree that would assist or help to bring about the injuries sustained at that time, then the plaintiff in this case cannot recover."

A new trial should be granted. Costs to await the result.

NORTH, J., concurred with WIEST, C. J. The late Justice FELLOWS took no part in this decision.