## PARR v. CITY OF DETROIT.

1. CARRIERS — STREET RAILWAY PASSENGERS — DERAILER COVER —
NEGLIGENCE OF MOTORMAN.

In action for injuries sustained by passenger for hire on street
railway, when car on which she was riding struck a displaced
derailer cover, question of negligence of motorman in failing
to discover it in time to stop *held*, a question of fact for the
jury.

2. DAMAGES—EXCESSIVE VERDICT—BACK INJURY.

In action for injuries plaintiff sustained when defendant's street
car on which she was a passenger for hire struck a displaced
derailer cover, verdict and judgment of $7,500 *held*, not ex-
cessive, where record shows plaintiff had earned $12 to $16 a
week for portion of time between her marriage and date of
injury, that she sustained injury to back, has lost 15 pounds
in weight, has required frequent and numerous medical treat-
ments, is extremely nervous, medical testimony as to perma-
nency of condition is in conflict, and trial court, upon denying
motion for new trial, concluded verdict rendered was not
excessive.

3. APPEAL AND ERROR—EXCESSIVE VERDICT—DAMAGES.

Supreme Court does not substitute its judgment for that of jury
or trial judge, who denied motion for new trial after finding
verdict not excessive, by setting aside or reducing verdict,
where there is no appeal to passion or prejudice or any occur-
rence during the trial which might have influenced the jury
in its award of damages except the proper presentation of
evidence.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—ABSENT WITNESS.

Denial of motion for new trial in action for damages against
municipally owned street railway after presentation of affi-
davits on behalf of defendant that affiants had seen plaintiff
ride on a street car with her husband, a conductor, without
paying her fare, and of a cabman, who was unable to attend
trial because of an accident, that he was driving a cab on the

street, heard a noise and saw sparks flying underneath the street car, *held,* not an abuse of discretion.

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted June 4, 1935. (Docket No. 25, Calendar No. 38,386.) Decided September 9, 1935.

Case by Bernadette Parr against City of Detroit, a municipal corporation, for personal injuries sustained while a passenger on a street car operated for defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dohany & Dohany,* for plaintiff.

*William J. McBrearty,* for defendant.

NELSON SHARPE, J. On December 20, 1931, at about 1 o'clock in the morning, plaintiff was a passenger for hire on one of defendant's street cars, which was proceeding in a southerly direction on Hamilton avenue. The car crossed the Detroit Terminal railway tracks and collided with a displaced iron derailer cover which stood partly on end and protruded above the pavement from 8 to 10 inches, and came to an abrupt stop. Plaintiff sustained injury thereby, and brought this action to recover the damages incident thereto. She had a verdict for $7,500. Defendant's motion for a new trial was denied. From a judgment entered upon the verdict, defendant has taken this appeal.

1. *Negligence of the motorman.* In the opinion filed by the trial court denying the motion for a new trial, he said:

"The fact that the motorman is the only witness who directly saw all of these things, he having de-

scribed the circumstances and having described the lighting, the testimony as to the degree of lights being not necessarily entirely confined to that of the motorman, all of which is a background for questions of fact for the jury to determine whether it is true that under all those circumstances that he could not, or any ordinary person could not, seated or placed as the motorman was placed, have seen it sooner, or have seen it seasonably so as to have enabled him, the motorman, to stop the car and prevent the occurrence complained of."

There was no dispute as to what the motorman saw and did, and in our opinion his testimony presented a question of fact as to whether he exercised that degree of care, vigilance and precaution for the safety of his passengers which the law imposed upon him.

2. *Excessive verdict.* After the accident, plaintiff took another car and went to her home and to bed, in which she remained for six days. She testified that she had severe pains down her back and under her shoulders, and that her skin was discolored; that she had pains in her head which prevented her sleeping, and is still troubled at times thereby; that she has lost 15 pounds in weight, and is extremely nervous.

Six days after her injury she consulted Dr. Frank Dorr at his office, and went to see him every second or third day for about three weeks, and after that at intervals, and at the time of the trial was receiving treatments from him. The doctor testified that she was suffering from her injuries when he first saw her, and still is; that she at all times has been in a nervous condition, but is improving. He expressed no opinion as to its permanency.

Dr. George C. Griffis, a physician and surgeon on the staff of the East Side General Hospital, examined the plaintiff a few days before the trial. He testified that he had had experience in treating such cases.

"I found the patient suffering from what we call nervous prostration or neurasthenia from a traumatic injury to the nerve of the spine. In my judgment, beyond any doubt, there are about six of the nerves that radiate over the dorsal portion of the spine—that portion that the ribs are connected to—and they have been bruised and crushed and scar tissue has filled in there and they are bound down to such an extent that it prevents the functions of those nerves and cause a nervous condition thereon, an upset of the nervous balance, as we call it, and it is my opinion, and without any doubt, there is no cure. There is, of course, no cure for a condition of that kind where the nerves have been bruised, and the sheath of the nerve, that is the covering of the nerve, has been so damaged that it has been contracted and impinged and the nerve that it contains is prevented from doing its proper function. There is no remedy that will cure a bruised or scar tissued condition," and stated that in his opinion her condition was permanent, and that there was no remedy for it.

Dr. Sullivan, a physician and surgeon on the staff of several hospitals in the city, was called as a witness by the defendant. He had also examined the plaintiff a short time before the trial, and was of the opinion that she was not then suffering from the injury she sustained. A question as to her then condition was thus presented to the jury, and their verdict clearly indicates that they found her injury to be permanent.

The plaintiff was married in June, 1929. About nine months thereafter she began working as a waitress in a lunch room, and was paid $16 a week therefor, and later $12 per week, and continued at such work during the balance of the year 1930. Her husband was in the employ of the defendant and a conductor on the car on which she was injured.

The trial court had the opportunity to observe the plaintiff during the trial. He heard the testimony of the doctors who were sworn. In denying the motion for a new trial, he reviewed the testimony as to her suffering and her then physical condition, and concluded that the verdict rendered was not excessive.

To set aside this verdict or provide for its reduction by remittitur, we must substitute our judgment for that of the jury and, we might add, for that of the trial judge as well. The case was carefully tried. We find no appeal to passion or prejudice or any occurrence during the trial which might have influenced the jury in its award of damages.

The duty of this court when such a question is presented was stated with much care in *Fishleigh* v. *Railway*, 205 Mich. 145, and need not be repeated. Later decisions to the same effect are: *Kosnicki* v. *Railway Co.*, 217 Mich. 245; *Kurtz* v. *Railway*, 221 Mich. 82; *Kellstrom* v. *City of Detroit*, 249 Mich. 431; *Bachand* v. *Rosemurgy*, 261 Mich. 519; *Lapachin* v. *Standard Oil Co.*, 268 Mich. 477.

3. In support of his motion for a new trial counsel for the city presented affidavits of two men in the employ of the street railway, who stated therein that they had on several occasions seen the plaintiff ride on a street car with her husband without paying her fare. And also an affidavit of Otis Smith, in which he stated that he was driving a cab on the

street and heard a noise and saw sparks flying underneath the street car at the time of the accident; that he had been subpœnaed as a witness by the defendant, but on account of an accident which he at that time suffered he was unable to attend.

The trial court found that these affidavits did not present facts which would justify the granting of a new trial, and we find no abuse of discretion on his part in denying it.

The judgment is affirmed.

, POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.