JOHN T. REGAN *vs.* WILLIAM J. CUMMINGS.

Suffolk.    October 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence. Motor Vehicle. Proximate Cause.*

Where one operating a motor car heard the blowing out of one of the tires of the car and instantly knew that the metal locking ring attached to the collapsed tire might come off if he continued to run the machine, instead of stopping the car almost instantly, as he might have done, let it run on for at least twenty feet, when the locking ring came off and, rolling across the street, struck and injured a traveller on the sidewalk, in an action by the traveller against the owner of the car, whose servant was operating it, for his injuries thus sustained, there is evidence for the jury that the plaintiff's injuries were caused by the negligence of the defendant's servant.

Where one has been guilty of a negligent act which he knew was likely to cause harm to some person, he or his employer is none the less liable for an injury caused by the negligent act because he could not have foreseen the precise thing that happened.

TORT for personal injuries sustained on May 28, 1914, by being struck by a locking ring that came from the wheel of a motor car that was being operated by a servant of the defendant, when the plaintiff was travelling on foot on the sidewalk of Park Street in the part of Boston called Charlestown. Writ dated June 24, 1915.

In the Superior Court the case was tried before *Stevens*, J. The substance of the evidence is described in the opinion. One Ireland, the chauffeur of the defendant, who was driving the car at the time of the accident, testified, on his cross-examination, "that he heard a noise in the back of the machine and felt the machine going along with the usual noise and irregularity that there is when a tire has gone flat, and then he looked out and saw that the tire on the right rear shoe was blown out, and he did not notice the plaintiff at the time; that from the time he heard the blow-out until he stopped the machine he went about twenty feet; that he was going at the time about six or eight miles an hour; that he could have stopped his machine almost instantly; that the pieces of iron came off after the tire went flat and after

the machine had gone three or four feet, not at the same time as the blow-out, but as soon as the tire went flat so that they could release themselves; that a ring will often come off when a tire goes flat; that he has known of them to run some distance at other times before they will come off; that he never knew of one coming off instantly with the tire blowing out; that the part that loosens first and comes out from the rim is the part of the ring without the tip on it, and as the wheel continues to go round it has a tendency to loosen the rest of the ring until it loosens it round as far as the tip; that he must have gone at least the whole round of the wheel after the tire became flat after the blow-out before the rings could come off; that he knew the minute he had the blow-out that if he continued to run his machine the rings might come off; that he did not stop immediately after the blow-out occurred, but went for some twenty feet; that he could have stopped practically as soon as he heard the blow-out by pushing on the foot brake; but he did not do it; that he thought that it would take more than one revolution of the wheel to loosen up the rings so that they would come off."

The judge stated that he saw no evidence of negligence on the part of the defendant and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. McDonald & J. M. Graham,* for the plaintiff.

*F. J. Daggett, J. T. Cassidy & P. Mansfield,* for the defendant.

PIERCE, J.    This is an action of tort to recover damages for personal injuries sustained on May 28, 1914, by the plaintiff while walking on the sidewalk of a public street, by reason of being struck by a "locking ring" which came from a wheel of an automobile owned by the defendant and operated by a servant of the defendant, who was at the time of the accident engaged in the business of the defendant.    At the close of the evidence the presiding judge directed a verdict for the defendant, and the plaintiff excepted.

Making every reasonable assumption in favor of the plaintiff, *Shea* v. *American Hide & Leather Co.* 221 Mass. 282, the jury would have been warranted in finding that the plaintiff while in the exercise of due care was struck, and received pecuniary harm, by a locking ring of the defendant's automobile, which had rolled

across the street to the sidewalk upon which the plaintiff was travelling; that the locking ring was of metal and of the circum-. ference of an ordinary automobile wheel; that the locking ring is split; that on the locking ring there is a point which fits into a hole in the rim; that inside the locking ring there is another ring which fits over the shoe; that the locking ring locks the inner ring into the shoe when the tire is pumped up; that the function of the rings is to hold the shoe on the wheel in place; that immediately preceding the accident the operator heard the noise of a tire blow-out;[1] that he heard the usual noise and felt the usual irregularity of motion there is when a tire has gone flat; that upon hearing the blow-out the operator did not look to see whether the tire was flat until a flat tire was indicated by the usual noise and irregularity which is attendant upon that condition; that the operator knew the minute he had a blow-out that the rings might come off if he continued to run the machine; that he could have stopped his car almost instantly; that the tire would not have become sufficiently flat to have released the rings had the car been stopped immediately after the blow-out occurred, and that the operator did not stop at the time of the blow-out but went at least twenty feet thereafter. On the foregoing facts the jury would be justified in finding that the operator was negligent in not stopping the car in season to have prevented the release of the rings.

The contention of the defendant that the injury was too remote and that the negligence of the defendant was not the direct and proximate cause of the plaintiff's injury, is unsound. It is sufficient that it appears that the negligence of the defendant would probably cause harm to some person even though the precise form in which it in fact resulted could not have been foreseen. *Burnham* v. *Boston & Maine Railroad,* 227 Mass. 422, 426.

*Exceptions sustained.*