WOLFE *v.* MARKS.

1. Automobiles—Guest Passengers—Damages.

   Guest passenger may recover damages from host motorist only upon showing accident was occasioned by reason of defendant's gross negligence or wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

2. Same—Wilful and Wanton Misconduct.

   Evidence that motorist whose guests called his attention to odor of burning rubber, and after claiming it was due to boot in his tire and increasing his speed from 50 to over 60 miles an hour he declined to slow down or stop in spite of several remonstrances of his wife and guests and did not heed their requests to let them out before tire blew out just where boot was, *held*, sufficient to establish wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

3. Same—Friction of Boot in Tire—Odors—Question for Jury.

   Whether friction of a boot in a rear tire would occasion an odor perceptible to passengers in the car, under a speed of 50 miles per hour, *held*, a question for the jury.

4. Same—Boot in Tire—Wilful and Wanton Misconduct.

   It is not wilful and wanton misconduct in merely driving with a boot in the tire.

5. Trial—Proximate Cause—Assumption of Liability.

   Ruling of court leaving in evidence statements made by host motorist to doctor, called to attend injured guest passenger at hospital, as to how accident occurred but excluding doctor's testimony of defendant's statements as to assumption of liability for the expenses which guest passenger's attorney had continued to attempt to introduce after positive rulings as to its immateriality *held*, not reversible error.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 3, 1936. (Docket No. 51, Calendar No. 39,001.) Decided October 5, 1936.

Case by Sadie Wolfe against Herman Marks for personal injuries sustained while a passenger in defendant's car when a tire blew out. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Vandeveer & Vandeveer,* for plaintiff.

*Howard D. Brown (Louis M. Dyll,* of counsel), for defendant.

WIEST, J. The evening of December 19, 1933, plaintiff and her husband were guests of defendant, riding with him in his automobile when there was a blowout of the left rear tire, the car upset, plaintiff was injured and brought this suit to recover damages. Plaintiff had verdict for $9,000 and judgment, by ordered reduction, for $7,000, and defendant reviews by appeal.

Being a guest, plaintiff could recover damages only upon showing that the accident was occasioned by reason of defendant's gross negligence or wilful and wanton misconduct. 1 Comp. Laws 1929, § 4648.

Defendant claims there was an absence of such a showing and, therefore, the court was in error in submitting the question to the jury.

Plaintiff testified:

"I judged that we were traveling at a speed of about 50 miles per hour, when I noticed a strong odor of burning rubber at which I remarked, 'I smell burning rubber,' and Mr. Marks said, 'It is the boot in the tire.' Mr. Wolfe said, 'If you have a boot in your tire slow down, and let us get out and look at it,' to which Mr. Marks did not say anything but just kept going. Then Mr. Wolfe said, 'If you don't slow down we will have an accident.' Mr. Marks kept going and said that he would stop at a gasoline sta-

tion. The car seemed to go faster and the odor was stronger, the odor of burning rubber. Mr. Wolfe asked Mr. Marks to stop, and Mr. Marks said he would stop at the next gasoline station. When he got to the next gasoline station Mr. Marks went right on, and Mr. Wolfe asked him to go back and see whether the tire could be repaired there, but Mr. Marks said that he would go in to Mt. Clemens; it was a short distance, and the lights, you could see the lights of Mt. Clemens. After we passed the gasoline station where Marks promised to stop Mr. Wolfe looked at the speedometer and said, 'You are going 62. Slow down,' and I said, 'Please don't drive so fast.' Mr. Marks did not say anything only that we were going to Mt. Clemens. It seemed to me like we were going between 60 and 65 miles per hour and had gone about a mile or three-quarters of a mile when the tire blew out, the car turned around several times, went up in the air and left the road and then turned over, but I do not know how far from the edge of the pavement.''

If it can be said that this testimony omitted any essential to establish wilful and wanton misconduct the testimony of plaintiff's husband supplied the want, for he said:

''We went some distance when there was a burning odor like burning rubber that appeared in the car. * * * Marks' attention was called to it and he looked at his brake and said, 'My brake is all right, it is that boot in the rear tire.' * * * At that time I said, 'Herman, if you have got a boot in that tire, you stop your car and let us get out and look at it.' * * * I said that two or three times. * * * He said, 'No, I will stop at the next gasoline station and have them look at it, and taken care of.' * * * Then we approached this gasoline station and I called his attention that there was a gasoline station. 'Now, go in there and have it taken care of as you said you

would.' But he didn't do that. Then Mrs. Wolfe said, 'Please, Herman, I am nervous, go back in that station and have it taken care of as you promised.' And he didn't do that. He kept right on. He said, 'You can see the lights up there. We are pretty close to Mt. Clemens; it won't take us long to get there. I will have it taken care of at a garage there.' I said, 'No, go back. If you don't want to go back, let us out. I would rather walk home, hail somebody or walk home, or hail somebody or a taxi or something rather than to ride in that car with that condition.' * * * He did not stop. He did not go back and then he went on and I looked at the speedometer and said, 'Herman, please stop, you are going around 65, 62 miles an hour.' We had only gone a short distance when there was a loud burst or noise. The tire blew up, the car zigzagged. He lost control of the car and it went over.''

The evidence disclosed that the blowout was just where the boot was in the tire; that the blowout went right through the tire and the hole in the boot corresponded to the hole in the tire.

Whether friction of a boot in a rear tire would occasion an odor perceptible to passengers in the car, under a speed of 50 miles per hour, was a question of fact for the jury.

There was no wilful or wanton misconduct in merely driving with a boot in the tire. *Gifford* v. *Dice,* 269 Mich. 293 (96 A. L. R. 1477). But when the loss of cohesion of the boot became manifest by an odor arising from friction and defendant's attention was called thereto, his subsequent conduct must be judged with such in mind.

Defendant knew he had a boot in the left rear tire; his attention was called to the odor of burning rubber; he sensed that it was occasioned by the boot; he was requested to have it looked to, or to slow

speed, or let the plaintiff and her husband out, and his driving at a high rate of speed under such circumstances was in reckless disregard of easily apprehended consequences and constituted wilful and wanton misconduct.

The court was not in error in submitting the case to the jury.

After the accident the occupants of the car were taken to a hospital in Mt. Clemens; a doctor was called by the sheriff's department and in response went to the hospital and there treated Mr. Marks, and had a conversation with him about the accident in order to find out who would take care of the expenses incurred by the people who were injured. An objection to the conversation was overruled, and he testified:

"I asked Mr. Marks how the accident occurred, and he told be he had been on M-97 and he had a blowout and the cause of the blowout being a tire that had a boot in it, and he said, 'Do everything.' * * * 'Do everything for Mrs. Wolfe and my wife.' * * * 'I feel that this is my responsibility, and I will take care of all the expenses.'* * *

"As I remember, Mr. Marks told me that he had been told it was not safe to go very far on this tire."

There was a motion to strike out the testimony.

The court struck out the testimony that defendant agreed to assume financial responsibility for the expenses, leaving in statements made by defendant with respect as to how the accident happened. There was no error in the ruling.

It is claimed that, after the court had made positive rulings that the assumption of the financial responsibility of Mr. Wolfe's hospital bill by Mr. Marks was not material to the issue because such would be a claim of the husband, plaintiff's attorney

continued his efforts to get before the jury the contents of the bill from the hospital for services rendered plaintiff and charged to defendant. This unwise effort was rendered futile by objections of opposing counsel and rulings of the court, and we are loath to hold that it was misconduct or of sufficient magnitude to call for reversal.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.