MINNIE BAND, Appellant, v. W. A. REINKE, Appellee.

No. 44877.

NOVEMBER 21, 1939.

Uhlenhopp & Uhlenhopp, for appellant.

Leming & Hobson, and Putnam, Putnam, Fillmore & Putnam, for appellee.

HALE, J.—The plaintiff, Minnie Band, is a woman forty-seven years of age, and a sister of defendant's wife. She was at the time of the injury living with the family of the defendant on a farm near Geneva, assisting her sister with the housework and taking care of Mrs. Reinke, who had been sick.

On April 14, 1938, Mrs. Reinke, desiring to go to Ackley, obtained permission from her husband to take the car, but he insisted that the plaintiff go with her. Plaintiff stated that one of the purposes of her going to Ackley was to be with Mrs. Reinke, that they had some purchases to make, and were desirous of having their hair dressed and attending to some other matters. It was claimed in the petition and shown by the evidence that on the return trip from the town of Ackley, and while plaintiff's sister, Hannah Reinke, was driving the automobile, a tire blew out, and the car first proceeded to the left, swerved from one side to the other, and finally to the right and into a ditch and overturned, injuring the plaintiff.

According to plaintiff's evidence, the graveled road over which they were proceeding was about twenty-five feet wide. She testified that she heard a noise, and thinks she told her

sister that they ought to stop and see what was wrong, but the sister replied that it was probably just a stone below the car. After hearing the noise, for a little while they did not notice anything unusual, but after proceeding 100 to 150 feet the car started to swerve from one side of the road to the other, and plaintiff states that they went back and forth across the road three or four times, and that the speed of the car was about twenty-five miles per hour. The other witness, Mrs. Reinke, places the speed at thirty miles per hour. Plaintiff's estimate of the distance from the place where the car began to swerve until it landed in the ditch is about 200 feet. She states that Mrs. Reinke did not put on the brakes, and the witness did not notice her doing anything to try to keep the car in the road, nor did she shut off the gas or the spark. Mrs. Reinke testifies to substantially the same effect, and states that she did nothing about stopping, did not put her foot on the brake, and did not shut off the gas or ignition. She states that she does not know that she did anything about the wheel, that she was excited and did not know what she did. On cross-examination she states that until the time the car started its erratic movements she "did not know for sure if it was a blowout." Plaintiff was unacquainted with the operation and mechanism of automobiles.

An examination of the car showed that the back left tire was flat. Two witnesses, the defendant and the plaintiff's nephew, estimate that the car could be stopped, if traveling thirty miles per hour, in from twenty to thirty feet.

The defendant answered the claim made by the plaintiff by denying generally, admitting that the tire upon defendant's car sustained a blowout, that the car went into the ditch and plaintiff sustained injuries; but denying that there was any negligence on the part of the defendant or the driver of defendant's car; alleging that this was an unavoidable accident and stating that the blowout of the tire mentioned in plaintiff's petition created an emergency in which and as a result of which the driver of defendant's car lost control thereof, and any acts or failures to act on the part of the driver thereafter were due to this emergency and were not the result of negligence. Defendant further alleges that the sole and only cause of the accident and plaintiff's resulting damages, if any, was the blowout of the tire, which caused the defendant's car to go into the ditch.

The plaintiff was a witness, and introduced also the testimony of her sister Mrs. Reinke, and her nephew, and the defendant W. A. Reinke.

It is not asserted that the plaintiff was a guest, and this question is not involved in the case.

Plaintiff in her petition assigns as grounds of negligence on the part of Hannah Reinke, which were submitted to the jury: (1) That she failed to make any effort to stop the automobile after the tire blew out, although there was plenty of time and opportunity to stop the automobile before it went into the ditch; (2) that she failed to make any effort after the tire blew out to gain control of the automobile; and (3) that she failed to have the automobile under proper control.

The defendant introduced no evidence. The cause was given to the jury on the instructions of the court, and a verdict was returned for the defendant. A motion for new trial and exceptions to instructions were duly filed, and were overruled on October 1, 1938. From the final judgment and order of the court overruling plaintiff's motion for new trial and exceptions to instructions, plaintiff appeals.

[1] I. The errors complained of by plaintiff are based on instructions Nos. 11, 14 and 15 given by the court. Instruction No. 11 reads:

"You are instructed that after the said tire blew out, Hannah Reinke, the driver of the said car, was duty bound under the law to exercise the care that a reasonably careful and prudent person would exercise under like and similar circumstances in controlling the operation of said automobile, and if, after the tire blew out, there was time for her to control said automobile, and if a reasonably careful and prudent person, taking into consideration at all times the fact that the tire had blown out, under the circumstances as shown by the evidence in this case, should and could have gained or kept control of said automobile, then in that case a failure upon her part so to do would be negligence and the defendant would be liable therefor.

"Under the law, Hannah Reinke was duty bound at all times to have her automobile under control unless conditions arose that would not permit her so to do. The blowing out of a

tire is a legal excuse to a driver for losing control of his or her automobile unless, under the circumstances, after the blowing out, there is time and conditions for recovering control of the car, acting as a reasonably careful and prudent person would act under like and similar circumstances.

"You are to consider all the facts in this case and then, as guided by these instructions, determine as to whether or not Hannah Reinke was negligent in any one of the respects as charged by the plaintiff, and determine your verdict accordingly."

The plaintiff objects to the second paragraph of such instruction for the reason, she alleges, that it withdraws from the jury the question of whether the driver was negligent in losing control, and decides this issue erroneously as a matter of law; plaintiff alleging that it was at the least a question for the jury whether the driver was negligent in losing control. Plaintiff further alleges that this erroneous instruction was clearly prejudicial and could not be cured by other instructions. Plaintiff urges that the action of the court in instructing the jury that a blowout is a legal excuse for a driver's losing control was prejudicial. We doubt whether the instruction, read as a whole, sustains the plaintiff's claim. The statement that the blowing out of a tire is a legal excuse to a driver for losing control of an automobile is qualified by the words following— "unless, under the circumstances, after the blowing out, there is time and conditions for recovering control of the car, acting as a reasonably careful and prudent person would act under like and similar circumstances,"—as well as the preceding sentence. Plaintiff cites, as sustaining her view, Wolfe v. Marks, 277 Mich. 154, 269 N. W. 125; Crupe v. Spicuzza, Mo. App., 86 S. W. 2d 347; Regan v. Cummings, 228 Mass. 414, 117 N. E. 800; Christos v. Manos, 16 La. App. 512, 134 So. 713; Carpenter v. Campbell Automobile Co., 159 Iowa 52, 140 N. W. 225; Kaufman v. Borg, 214 Iowa 293, 243 N. W. 104. We think an analysis of these cases hardly bears out her theory. It seems to us that the qualification fairly submits to the jury the question of the negligence of the driver.

The situation in Wolfe v. Marks, supra, was greatly different from the facts in this case. As stated by the court in that case [277 Mich. 154, 269 N. W. 127]:

"Defendant knew he had a boot in the left rear tire; his attention was called to the odor of burning rubber; he sensed that it was occasioned by the boot; he was requested to have it looked to, or to slow speed, or let the plaintiff and her husband out; and his driving at a high rate of speed under such circumstances was in reckless disregard of easily apprehended consequences and constituted willful and wanton misconduct."

The case of Crupe v. Spicuzza, supra [86 S. W. 2d 350], has this to say:

"Of course we appreciate that defendant was confronted with an emergency on account of the blowout, and that he was therefore not to be held to such accuracy of judgment and decision as would have been the case under more fortuitous circumstances, and yet the fact of the emergency confronting him did not excuse him from the further exercise of all care, but rather required that his conduct should be measured only by the standard of what would be reasonably expected of the usual automobilist when faced with a similar emergency."

In the case of Regan v. Cummings, supra, the negligence consisted only in not stopping.

In the case of Christos v. Manos, supra, the court, as a trier of facts, held that in traversing 300 to 400 feet there was ample time for a motorist to stop. This does not apply to the facts in the case at bar. In fact, it assumes the emergency but holds the time ample to regain control; and the plaintiff herself, as will be noticed, in the case at bar, does not specifically assign as a ground of negligence loss of control at the time of the blowout, but afterwards.

The Kaufman case, supra, is referred to hereafter; but neither that case, nor the case of Carpenter v. Campbell Automobile Co., supra, tends to support the theory of the plaintiff.

Instruction No. 12, which is claimed by plaintiff to be in conflict with the instruction above complained of, refers to the conduct of the driver after the blowout. When the jury were told in that instruction that they should take into consideration whether or not an emergency was created by the blowing out of the tire, this plainly referred to the emergency after the blowout, and they were to determine whether the driver acted then as a reasonably careful and prudent person. Holding that

the instruction is not erroneous, it is not necessary to consider whether or not it can be cured by other instructions. It seems to us fairly to present the question in issue.

The grounds of negligence alleged and submitted to the jury are referable to the conduct of the driver, not at the time of the blowout but thereafter. We think the instruction as given fairly presents the issues raised by the plaintiff and submitted to the jury, bearing in mind the well-known rule that instructions must be read as a whole and that it is unfair to pick out parts of instructions and give them a forced or strained construction. Laudner v. James, 221 Iowa 863, 266 N. W. 15.

II. Plaintiff complains of instruction No. 14, in which the jury were instructed that if the blowing out of the tire was the sole and only cause of the damage, then the plaintiff could not recover, and for reason therefor plaintiff alleges that it is not warranted by the evidence. But defendant expressly pleaded that the blowout was the sole and only cause of the accident. If there was evidence to support this allegation of defendant's answer, it would have been error not to have given the instruction. Kaufman v. Borg, supra. That the steering wheel turned is shown by the evidence. The driver's hands were on the wheel. She was excited. The car first swerved to the left, as would be expected from the location of the blowout, then veered back and forth, and eventually into the ditch on the right side of the road. The facts indicate that the driver did attempt to avoid an accident. The question of her negligence was before the jury, with the physical facts indicating that she attempted to right the car. Her statement that in her excitement she did nothing is refuted by the action of the car, and at least, was matter for the jury to determine. Under the circumstances the instruction was proper. See Wright v. What Cheer Clay Products Co., 221 Iowa 1292, 1302, 267 N. W. 92, 97. While this was a recklessness case, yet the language of the court is pertinent to the facts in this case:

"If the skidding or swerving of the car was caused by the deflated tire, then the driver would not be guilty of recklessness, and it is fair to assume that the deflation of the tire was the cause of the swerving and weaving, and it would not do to permit the jury to speculate on this record as to what was the

cause of the accident. There is no evidence of recklessness sufficient to warrant a submission of the case to the jury. Indeed, it would be a serious question, if it were presented here, as to whether or not the record even shows negligence on the part of the driver of the car.''

See, also, Bauer v. Reavell, 219 Iowa 1212, 1226, 260 N .W. 39, 46.

III. Objection is also made to instruction No. 15, in which the jury were told that where one is placed in a position where he is required to act upon the impulse of the moment to avoid injury, he is not required imperatively to do that which, after the emergency is ended, it would seem might have been done and the danger avoided. They were further told that the law makes allowance for lack of care or judgment when a person is placed in such a position, and where instructed that if they found that the tire blew out upon the car and the driver was suddenly called upon to decide what she should do to avoid injury, the law does not require her to exercise the same coolness and judgment that an uninterested bystander might exercise, but she is required only to act as an ordinarily careful and prudent person would act when placed in a similar position.

The grounds of the objection on the part of the plaintiff are that the instruction is not warranted by the evidence, that it assumes an emergency, and fails to define an emergency. It seems to us that there can be no question that under the plaintiff's evidence and the facts of the case there was an emergency existing following the blowout, and that the court did not assume, but applied the evidence. The first part of the instruction defines what an emergency is—''where one is required to act upon the impulse of the moment.'' Young v. Hendricks, 226 Iowa 211, 283 N. W. 895. We see no objection to the instruction as given and as applied to the facts of the case.

We have not attempted to review herein all the cases cited by plaintiff and defendant, but have examined them and find nothing which is in conflict with our findings.

We believe that the jury were properly instructed, under the facts in the case, that the instructions were warranted by the testimony introduced, and that there was no error in their

submission. Under this finding we hold that the cause should be affirmed.—Affirmed.

OLIVER, C. J., and MITCHELL, HAMILTON, RICHARDS, STIGER, SAGER, BLISS, and MILLER, JJ., concur.