RATTNER v. LIEBER.

AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—GUEST PASSEN-
GERS—REPEATED DISREGARD OF TRAFFIC REGULATIONS—QUESTION
FOR JURY.
  Where evidence was in conflict as to whether host motorist had
  repeatedly disregarded traffic regulations and plaintiff's re-
  quest to be let out of car at an early hour in the morning,
  continued his recklessness after having attention called to one
  narrow escape, and by wanton disregard of stop sign and
  approach of car on intersection of which he had been warned,
  was guilty of wilful and wanton misconduct *held,* for jury
  in guest passenger's action for injuries sustained in ensuing
  collision.

Appeal from Wayne; Cramton (Louis C.), J.,
presiding. Submitted June 11, 1940. (Docket No.
72, Calendar No. 41,168.) Decided September 6,
1940.

Case by Joseph Rattner against Jack Lieber for
personal injuries sustained while riding as a guest
passenger in defendant's automobile. Judgment for
plaintiff. Defendant appeals. Affirmed.

*Vandeveer & Haggerty,* for plaintiff.

*Knight & Panzer,* for defendant.

WIEST, J. Plaintiff was a guest passenger in de-
fendant's automobile at about 1:15 o'clock in the
morning of July 11, 1937, and claims that, as defend-
ant was driving east on Thirteen Mile road in Oak-
land county at a high rate of speed, he repeatedly
disregarded stop and red light regulation signals at
highway intersections and, as he approached the

crossing of Greenfield road where there was a stop sign, which he also ignored, and after his attention was called to an approaching automobile on the intersecting road about 100 feet away, he increased the speed of his car and a collision followed in which plaintiff suffered injuries.

Plaintiff claims that he called defendant's attention to traffic regulations he was violating and finally said to him:

"Jack, if you are going to drive like that, let me out. * * * I want to get out of this car, I don't like to drive that way."

Defendant denied disregard of traffic regulations and the request of plaintiff to be let out of the car.

At the close of plaintiff's proofs defendant moved for a directed verdict on the ground that the evidence failed to show gross negligence or wilful and wanton misconduct. The motion was denied and the issue submitted to the jury with verdict for plaintiff. Defendant also moved for a new trial on the same ground and also that the verdict was against the weight and preponderance of the evidence, and this was denied.

Upon appeal defendant contends that the court was in error in not directing a verdict and also in denying a new trial.

Plaintiff claims that the several deliberate and continuing acts of disobedience of highway regulations on the part of defendant established wilful recklessness and required submission of the issue to the jury.

If defendant gave no heed to highway stop orders, ran red lights at highway intersections, flouted having his attention called to such dereliction and continued such recklessness after a narrow escape before the place of the accident, and, by his wanton

disregard of traffic regulation and of consequences, collided with another automobile at the mentioned intersection, he was guilty of wilful and wanton misconduct.

Plaintiff's testimony to such effect was accepted as true by the jury and fully justified the verdict.

The denial of defendant, supported by the testimony of his wife, cannot be held to have called for a directed verdict or a new trial.

The case is ruled by our holding in *Wolfe* v. *Marks,* 277 Mich. 154.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.