CRAMER *v.* DYE.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   Testimony must be viewed in the light most favorable to the plaintiff on his appeal from a directed verdict for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 944, 945.
[2–7] 5 Am Jur, Automobiles, §§ 237–243, 683.
[2–7] Liability of owner or operator for injury to guest. 20 ALR 1014; 26 ALR 1425; 40 ALR 1338; 47 ALR 327; 51 ALR 581; 61 ALR 1252; 65 ALR 952.
[2–7] What constitutes gross negligence or the like within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.
[2–7] Railroad crossing, conduct of operator of automobile at, as gross negligence, recklessness, et cetera, within guest statute. 143 ALR 1144.
[2–7] Traffic signal, sign, or warning, disregard of, as affecting liability to passenger or guest injured in street or highway intersection accident. 164 ALR 285.

2. AUTOMOBILES—WILFUL AND WANTON MISCONDUCT—QUESTION FOR JURY—EVIDENCE.

Issue as to whether or not defendant host motorist was guilty of wilful and wanton misconduct should have been submitted to jury in minor guest passenger's action for injuries, where evidence shows that defendant had 2 passengers with him in front seat and plaintiff and 2 other minors in rear seat, drove 45 miles an hour rolling his passengers from side to side in the car, nearly struck 2 mailboxes, entered a through highway without stopping, drove thereupon on both sides of the highway, failed to stop at a 2-way intersection stop street, drove on wrong side of highway barely escaping a head-on crash, stopped at a tavern bar for 45 minutes over protests of passengers, thereafter drove 50 to 55 miles per hour and barely missed another collision, failed to heed a a passenger's protests, was halted 15 minutes by a freight train and subsequently collided with Diesel railroad engine after passing around a waiting city bus notwithstanding crossing flasher lights and engine lights were operating and bell was ringing, saying that "this is one train we're not going to wait for" (CL 1948, § 256.29).

3. SAME—WILFUL AND WANTON MISCONDUCT—EXCESSIVE SPEED—WARNINGS.

While excessive speed, warnings of passengers and refusal of host to heed warnings may not, as individual factual elements in a case, be sufficient to charge a driver with wilful or wanton misconduct, they may all be considered in arriving at a final conclusion (CL 1948, § 256.29).

4. SAME—PERSISTENT MISCONDUCT BY HOST.

Persistence in host motorist's course of misconduct after ample warning, or after it has become apparent that continuance of such misconduct would result in injury to his guests, may present the question of whether or not the host is guilty of gross negligence or wilful and wanton misconduct, under the guest passenger act, as a question of fact (CL 1948, § 256.29).

5. SAME—WILFUL AND WANTON MISCONDUCT—EVIDENCE—COURSE OF TRIP.

In determining whether or not a host motorist was guilty of wilful and wanton misconduct, the jury could properly consider his reckless state of mind and also his persistently reckless course of conduct during the trip from its commencement to the point of the accident (CL 1948, § 256.29).

6. SAME—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—
EVIDENCE.

No general rule as to what constitutes gross negligence or wil-
ful and wanton misconduct under guest passenger act is
applied, as each case involving determination of issue as to
sufficiency of evidence in such respect must be determined on
the basis of the facts involved (CL 1948, § 256.29).

7. SAME—ELEMENTS NECESSARY TO CONSTITUTE WILFUL AND WAN-
TON MISCONDUCT.

The elements necessary to constitute wilful and wanton mis-
conduct under the guest passenger act are (1) knowledge of
a situation requiring the exercise of ordinary care and dil-
igence to avert injury to another; (2) ability to avoid the
resulting harm by ordinary care and diligence in the use
of the means at hand; and (3) the omission to use such care
and diligence to avert the threatened danger, when to the
ordinary mind it must be apparent that the result is likely
to prove disastrous to another (CL 1948, § 256.29).

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted June 6, 1950. (Docket No. 3, Calendar No.
44,722.) Decided September 11, 1950.

Case by Daniel Cramer, by his next friend Alfred
Cramer, against Kenneth Dye for personal injuries
sustained when automobile in which he was riding
struck a Diesel railroad engine. Directed verdict
and judgment for defendant. Plaintiff appeals.
Reversed and new trial granted.

*Goldsmith & Shapiro* (*Stewart A. Ricard*, of coun-
sel), for plaintiff.

*Bert V. Nunneley* (*Nunneley & Nunneley*, of coun-
sel), for defendant.

BOYLES, C. J. Plaintiff, a minor, brought suit by
next friend for damages arising out of the claimed
gross negligence of the defendant in operating an
automobile on the public highway in which the plain-

tiff was a guest passenger. On a jury trial, at the conclusion of the proofs the court granted the motion of the defendant for a directed verdict on the ground that, as a matter of law, the proofs failed to show the defendant guilty of wilful and wanton misconduct. Plaintiff appeals, and the only question for review is whether the court erred in holding that proofs showed the defendant guilty of ordinary negligence only.

Under the circumstances, the testimony must be viewed in the light most favorable to the plaintiff. Does it disclose a question of fact, which should have been submitted to the jury for determination as to whether the defendant was guilty of wilful and wanton misconduct?* We conclude that this issue should have been submitted to the jury.

In the instant case, the plaintiff, a high school student 17 years of age, attended a dance during the Thanksgiving vacation, together with his minor brother and sister. The defendant, 21 years of age, owned an automobile and started, about midnight, to drive them home in his car after the dance. The defendant drove, 2 other minors were with the defendant in the front seat, and the plaintiff with 2 other minors occupied the rear seat. At first the defendant drove about 45 miles per hour, rolling his passengers from side to side in the automobile, and at one place came within inches of striking 2 mailboxes along the road, about 3 feet off the gravel. He entered a through highway without stopping, drove along it on both sides of the highway, failed to stop at a 2-way intersection stop street, drove upon the wrong side of the road barely escaping a head-on crash with an oncoming car being driven on its own side of the road, drove to a tavern bar off the regu-

---

* See CL 1948, § 256.29 (Stat Ann § 9.1446). This is the same as CL 1929, § 4648.—REPORTER.

lar route and stopped at the tavern against the protests of his passengers. The defendant entered the bar alone, and at different times afterward at least 2 of his passengers went into the bar to have him come out but were unsuccessful and returned to the automobile. After about 45 minutes the defendant returned to the car and again started to take his passengers home. He drove about 50 to 55 miles per hour, on one occasion passed a car and cut in sharply barely missing a collision, one of his passengers protested, telling the defendant to take it easy because he had been in the bar and might get in trouble if he had an accident. Shortly thereafter a freight train at a railroad track crossing the highway caused the defendant to stop for about 15 minutes, after which he then drove on another paved highway and came to another railroad track on which a Diesel engine was approaching the crossing at about 10 miles per hour. The crossing was protected by flasher lights which were operating, and the engine had lights burning on each end and its bell was ringing. There were no obstructions that interfered with defendant's view of the railroad track on either side and the defendant approached the track at about 50 to 55 miles per hour. A Detroit street railway bus was standing on the highway at the crossing 10 or 15 feet from the tracks. The bus was fully lighted within, with taillights burning. The defendant drove his automobile to within about 100 feet of the bus, suddenly turned left past the standing bus, said: "This is one train we're not going to wait for," and drove directly into the engine which was at the crossing. The collision resulted in permanent injuries to the plaintiff.

In granting defendant's motion for directed verdict, the trial court relied on *Bushie* v. *Johnson* (1941), 296 Mich 8, where many of the factual circumstances were similar to those in the case at bar.

In that case a majority of the Court held that the separate acts of the driver of the motor vehicle did not establish gross negligence in a guest passenger case and affirmed the entry of a judgment *non obstante veredicto* after a jury verdict for the plaintiff. Earlier decisions were cited and relied upon in support of the conclusion that, as a matter of law, the defendant was not guilty of wilful and wanton misconduct.  Obviously, such conclusion, although not so expressly stated, in effect resulted in holding that the separate acts of the driver, each of which might tend to show ordinary negligence, were not cumulatively sufficient to establish a question of fact for the jury as to whether the defendant was guilty of wilful and wanton misconduct.  However, that conclusion has not been adhered to in other decisions, and we now decline to follow it to that extent.

"Evidence that motorist whose guests called his attention to odor of burning rubber, and after claiming it was due to boot in his tire and increasing his speed from 50 to over 60 miles an hour he declined to slow down or stop in spite of several remonstrances of his wife and guests and did not heed their requests to let them out before tire blew out just where boot was, *held,* sufficient to establish wilful and wanton misconduct (CL 1929, § 4648)."  *Wolfe* v. *Marks* (syllabus), 277 Mich 154.

"Where evidence was in conflict as to whether host motorist had repeatedly disregarded traffic regulations and plaintiff's request to be let out of car at an early hour in the morning, continued his recklessness after having attention called to one narrow escape, and by wanton disregard of stop sign and approach of car on intersection of which he had been warned, was guilty of wilful and wanton misconduct *held,* for jury in guest passenger's action for injuries sustained in ensuing collision."  *Rattner* v. *Lieber* (syllabus), 294 Mich 447.

"Host motorist who drove easterly over crest of hill at speed of from 45 to 50 miles an hour, saw stalled car 1,100 feet from top of incline attempting to turn to road leading to south blocking 20-foot ice-covered pavement so as to prevent passage on either side, who was warned by plaintiff guest to stop, disregarded warning, said, 'watch me, I'll get him off,' increased speed some 10 or 15 miles an hour, exhibited a reckless state of mind and an intent to disregard the apparent danger of which he had knowledge without regard to consequences of ensuing accident which must have been only result obvious and presented a jury question in guest's action as to whether defendant driver was guilty of gross negligence or wilful and wanton misconduct (CL 1929, § 4648)." *Greimel* v. *Fischer* (syllabus), 305 Mich 45.

"While excessive speed, warnings of passengers and refusal of host to heed warnings may not as individual factual elements in a case be sufficient to charge a driver with wilful or wanton misconduct, they may all be considered in arriving at a final conclusion (CL 1929, § 4648).

"Persistence in host motorist's course of misconduct after ample warning, or after it has become apparent that continuance of such misconduct would result in injury to his guests, may present the question of whether or not the host is guilty of gross negligence or wilful and wanton misconduct under the guest act as a question of fact (CL 1929, § 4648).
\* \* \*

"In determining whether or not a host motorist was guilty of wilful and wanton misconduct, the jury could properly consider his reckless state of mind and also his persistently reckless course of conduct during the trip from its commencement to the point of the accident (CL 1929, § 4648)." *Rogers* v. *Merritt* (syllabi), 307 Mich 459.

"No general rule as to what constitutes gross negligence or wilful and wanton misconduct under guest

act is applied as each case involving determination of issue as to sufficiency of evidence in such respect must be determined on the basis of the facts involved (CL 1929, § 4648).

"The elements necessary to constitute wilful and wanton misconduct under the guest passenger act are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (CL 1929, § 4648).    *    *    *

"While excessive speed on the part of a host motorist is not, alone, sufficient to impose liability to his guest passenger under the guest act, it is an element to be considered, in connection with other circumstances, in determining whether the driver has been guilty of wilful and wanton misconduct in operation of an automobile (CL 1929, § 4648).

"The failure of a host motorist to heed reasonable expostulations and warnings of his guest passengers, especially when rejected with irritation and apparent resentment, may properly be considered as bearing on the state of mind of the host (CL 1929, § 4648).
*    *    *

"Under evidence showing defendant's son was under the influence of intoxicating liquor when he drove car in which plaintiff was a passenger, that the latter repeatedly warned and expostulated at host for driving too fast and on wrong side of road but the driver not only disregarded warnings but resented them and subsequently collided with a 15-ton tractor-trailer combination some 12 feet off the pavement on the host's wrong side of the road, question of fact as to whether or not the driver was guilty of wilful and wanton misconduct was presented for determination of jury and evidence supported its

verdict for plaintiff (CL 1929, § 4648)." *Titus* v. *Lonergan* (syllabi), 322 Mich 112.

In the instant case the testimony was sufficient to establish a question of fact to be submitted to the jury as to whether the defendant was guilty of wilful and wanton misconduct.

Reversed and new trial granted, with costs to appellant.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.