*Southern District*

POMPEO MOTORS, INC. ET AL

v.

BRADFORD WESTON, INC. ET AL

*Present:* Nash, P. J., Welch & Callan, JJ.

Case tried to *Lee, J.,* in the District Court of East Norfolk. No. 98727.

*Callan, J.* The facts of this action of tort based on negligence to recover damages to motor vehicles and a building are that the defendant was the owner of a motor vehicle on which two tires had been placed by an independent contractor and a little over two weeks later, while said motor vehicle was being operated on a public way in Quincy, the two new tires that were put on became disengaged, rolled forward and came in contact with the plaintiff's property causing damage to the same. The studs of both wheels were sheered off at the time of the accident and in the opinion of an expert called by the defendant, the nuts may have been tightened too much. At the time of the accident the truck was in the defendant's possession and under-

went weekly checkups by the defendant's own mechanic. There was no other evidence on the issue of the defendant's negligence.

The only request for ruling filed by the defendant was that

"the evidence is insufficient to warrant a finding that the defendant was negligent."

Because of the denial of this request, the defendant claims a report to this Court.

There is no error. The judge found that "while no specific act of the defendant's negligence was shown, this accident would not have happened in the absence of negligence on the part of the defendant." The judge was warranted in finding that this is the kind of accident that commonly does not happen when due care is used and that negligence must have been present. An inference under the circumstances could be inferred that the act which produced the injury was a negligent act. It is highly improbable that two weeks or more after the tires had been put on that both wheels would come off at the same place and same time without negligence to produce the act causing the disengaging of the tires. *Facteau v. Gould,* 310 Mass. 105.

The mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence, but an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it.

*Fitchburg Gas and El. Light Co. v. Samuel Evans Const. Co.,* 338 Mass. 752.

Where the sole control and responsibility of the instrumentality causing the injury is in the defendant and where the occurrence is of such character that with the common experience of men it would not happen without negligence of the person in control, the proof of the occurrence is evidence that it happened through the negligence of the defendant. *Cushing v. Jolles,* 292 Mass. 72; *Feital v. Middlesex RR,* 109 Mass. 398.

The doctrine of "res ipsa loquitur" is applicable only where the instrumentality causing the injury and all the surrounding circumstances were within the defendant's sole control. *Vozella v. B & M RR,* 296 Mass. 491. The judge found there was no specific act of negligence on the defendant's part although, through an expert's testimony, the defendant tried to explain how the accident happened, and to exclude any other cause.

The doctrine of "res ipsa loquitur" permits, but does not require, the trier of facts to reach a conclusion of the defendant's negligence in the absence of evidence of a specific negligent act. *Rosciano v. Colonial Beacon Oil Co.,* 294 Mass. 234; *Liberatore v. Framingham,* 315 Mass. 538, 542; *Felch v. D'Amico,* 326 Mass. 196.

If evidence in explanation of the cause of the occurrence is put on by the defendant, as in this case, it is for the judge to say on all circumstances whether the accident occurred through the defendant's negligence. *Hull v.*

*Berkshire St. Ry.,* 217 Mass. 361. But an unsuccessful attempt to explain the exact cause of the occurrence will not deprive the plaintiff of the inference provided by the doctrine of "res ipsa loquitur". *Gilchrest v. Boston El. Ry.,* 272 Mass. 346; *Regan v. Cummings,* 228 Mass. 414; *Van Steenbergen v. Barrett,* 286 Mass. 400; *Gangi v. Adley Express Co.,* 318 Mass. 762; *McKnight v. Red Cab Co.,* 319 Mass. 64; *Alden v. Norwood Arena, Inc.,* 332 Mass. 267; *Couris v. Casco Amus. Corp.,* 333 Mass. 740.

The judge did not have to believe that the accident happened as the defendant's expert witness stated but the common and ordinary knowledge possessed by the judge concerning the mounting of tires on an automobile wheel and the means of securing them would warrant him in finding that it was more probable that the wheels and tires became loose and detached because of some act of the defendant rather than from some cause for which it was not responsible.

The report is ordered dismissed.

Louis Kobrin of Boston, for the Plaintiff cited: *Alden v. Norwood Arena, Inc.,* 332 Mass. 267; *McKnight v. Red Cab Co.,* 319 Mass. 64; *Gangi v. Adley Express Co., Inc.,* 318 Mass. 762; *Facteau v. Gould,* 310 Mass. 105 and cc.; *Van Steenbergen v. Barrett,* 286 Mass. 400; *Sernett v. Nonantum Coal Co.,* 284 Mass. 390; *Lonergan v. Am. Ry. Ex. Co.,* 250 Mass. 30; *Regan v. Cummings,* 228 Mass. 414.

William J. Conboy of Boston, for the Defendant.