BOSWELL *v.* DOCSA.

1. DAMAGES—GUEST PASSENGERS—PERMANENT INJURIES.
   Judgment for $2,250 in favor of plaintiff, guest passenger who had been seriously and permanently injured in defendant's automobile and put to considerable expense, *held,* not excessive.

2. AUTOMOBILES—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT—SPEED—ZIGZAG DRIVING—TEMPER.
   In guest passenger's action against host motorist where evidence showed car overturned while being driven at from 80 to 85 miles an hour in a zigzag fashion back and forth across the highway for the purpose of frightening those riding therein while host was in a violent temper, cursing and threatening them, question of host's wilful and wanton misconduct *held,* properly submitted for consideration of jury and latter's verdict of guilty justified (1 Comp. Laws 1929, § 4648).

3. APPEAL AND ERROR—ADEQUACY OF VERDICT—QUESTIONS REVIEW-
ABLE.
>    Inadequacy of verdict for plaintiff in action for personal in-
>    juries may not be considered where she has not appealed.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 7, 1938. (Docket No. 3, Calendar No. 39,938.) Decided October 3, 1938.

Case by Mary Boswell against Joseph Docsa for personal injuries sustained when a guest passenger in defendant's car. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Edwin G. Gemrich* and *Victor E. Bucknell,* for plaintiff.

*Howard, Howard & Howard,* for defendant.

POTTER, J. Plaintiff sued defendant to recover damages for personal injuries sustained while a guest passenger of defendant. Plaintiff was seriously and permanently injured, was to considerable expense, and recovered judgment for $2,250, and costs. If she was entitled to judgment, the amount recovered was not excessive.

Many assignments of error are made by defendant and appellant. Defendant claims he was entitled to a directed verdict.

The testimony for and on behalf of the respective parties is in dispute.

It is plaintiff's claim defendant drove his automobile, in which she was a guest passenger, along a public highway at a speed of from 80 to 85 miles an hour while in great anger and while cursing the occupants of his automobile, and, in order to frighten such occupants, swerved his automobile

from side to side of the road against the protests of his passengers; and that by reason of such wanton and wilful misconduct * and his manner of operating the automobile it was overturned and plaintiff injured. There was ample evidence to sustain this claim.

If defendant purposely ran his automobile at from 80 to 85 miles an hour and zigzagged the same back and forth across the highway for the purpose of frightening those riding with him, while in a violent temper, cursing and threatening them, there was sufficient to authorize the jury to find a verdict based upon his wanton and wilful misconduct. The jury was justified, under the facts, in finding defendant guilty of wilful and wanton misconduct. *Schneider* v. *Draper,* 276 Mich. 259; *Lucas* v. *Lindner,* 276 Mich. 704; *Wolfe* v. *Marks,* 277 Mich. 154; *Thomas* v. *Parsons,* 278 Mich. 276; *Murner* v. *Thorpe,* 284 Mich. 331.

The other assignments of error are not important. We find no reversible error.

Plaintiff has not appealed. We are, therefore, precluded from considering the inadequacy of the verdict.

Judgment of the trial court affirmed, with costs.

WIEST, C. J., and BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.

BUTZEL, J., took no part in this decision.

* See 1 Comp. Laws 1929, § 4648.—REPORTER.