GREIMEL v. FISCHER.

1. AUTOMOBILES—GUEST PASSENGERS—WILFUL AND WANTON MIS-
CONDUCT.
    A guest passenger injured in his host's car must show accident
    occurred as a result of defendant host's gross negligence or
    wilful and wanton misconduct in order to recover damages
    (1 Comp. Laws 1929, § 4648).
2. SAME—WILFUL AND WANTON MISCONDUCT—EXCESSIVE SPEED—
WARNINGS.
    While excessive speed, warnings of passengers and refusal of
    host to heed warnings may not as individual factual elements
    in a case be sufficient to charge a driver with wilful or wanton
    misconduct, they may all be considered in arriving at a final
    conclusion (1 Comp. Laws 1929, § 4648).
3. SAME—WILFUL AND WANTON MISCONDUCT—SPEED—WARNINGS—
QUESTION FOR JURY.
    Host motorist who drove easterly over crest of hill at speed of
    from 45 to 50 miles an hour, saw stalled car 1,100 feet from
    top of incline attempting to turn to road leading to south
    blocking 20-foot, ice-covered pavement so as to prevent pas-
    sage on either side, who was warned by plaintiff guest to
    stop, disregarded warning, said, "watch me, I'll get him off,"
    increased speed some 10 or 15 miles an hour, exhibited a
    reckless state of mind and an intent to disregard the apparent
    danger of which he had knowledge without regard to conse-
    quences of ensuing accident which must have been only re-
    sult obvious and presented a jury question in guest's action
    as to whether defendant driver was guilty of gross negligence
    or wilful and wanton misconduct (1 Comp. Laws 1929,
    § 4648).
4. SAME—WILFUL AND WANTON MISCONDUCT—FAILURE TO HEED
WARNINGS—IMITATION OF TONE OF VOICE—EVIDENCE.
    Court's permission to guest passenger to imitate tone of voice
    used by host as he increased speed of car descending ice-

Recklessness defined and contrasted with negligence, see 2 Restate-
ment, Torts, § 282, comment c, § 500.

covered pavement toward another car blocking road some 1,100 feet away and disregarded plaintiff's warning to stop by saying "watch me, I'll get him off," *held,* not to have constituted error in guest passenger's action for personal injuries (1 Comp. Laws 1929, § 4648).

5. JURY—DEMAND—DISCRETION OF COURT.

Granting jury trial to guest passenger did not constitute an abuse of discretion in action for damages where demand for jury trial was filed nearly 11 months after case was at issue and fact that case was on jury calendar was mentioned before pretrial judge without objection by defendant's attorney who had not been served with demand (1 Comp. Laws 1929, § 4648; Court Rule No. 33 [1933, as amended in 1938]).

Appeal from Wayne; Moll (Lester S.), J. Submitted January 12, 1943. (Docket No. 85, Calendar No. 42,253.) Decided April 6, 1943.

Case by Joseph Greimel against Leo Fischer for personal injuries received while riding in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Charles A. Lorenzo,* for plaintiff.

*Howard Farrell,* for defendant.

CHANDLER, J. On December 1, 1940, plaintiff was injured while riding as a guest passenger in defendant Fischer's automobile, which resulted in this action to recover damages therefor. Trial by jury gave plaintiff judgment and defendant's motions for judgment *non obstante veredicto* and a new trial were denied.

Two days prior to the accident, plaintiff had accompanied defendant, with the latter's small son, on a hunting trip near Alpena. On the return trip, the 20-foot pavement was covered with ice and very slippery. Defendant was driving his car in an

easterly direction and had reached a point near the
city limits of Alpena when the accident occurred.
According to the testimony, viewed most favorably
to plaintiff, the car came over the crest of a hill in
the highway; at the foot of the grade, and some
1,100 feet from the top of the incline, a car was
standing crosswise with the road, the driver thereof
trying to make a turn on to a road leading south but
having difficulty in so doing because of the icy con-
dition of the road surface.  When defendant came
over the hill, he was driving at a speed of 45 to 50
miles per hour and, according to plaintiff's testi-
mony, the following transpired:

"*Q.*  What was said if anything either by you or
Mr. Fischer at the time when you got to the top of
the hill?

"*A.*  When we came to the top of the hill and
could get a clear view about the road I seen the car
blocking the highway, so I said, 'There is a car
down there, Leo.'

"*Q.*  Who said that?

"*A.*  I said that.

"*Q.*  What did you say to him?

"*A.*  I said to Mr. Fischer, there is a car down
there blocking our road.  So he says, I seen it, what
is it doing there, why don't they get off, watch me,
I'll get him off.  So by saying so he increased his
speed.  When he did that, I said, you mustn't do
that, Leo, stop the car.

"*Q.*  How much did he increase his speed?

"*A.*  I would say about 10 miles an hour, 15.

"*Q.*  When you said to Mr. Fischer what you tes-
tified to about stopping the car what about was the
approximate rate of speed of his car then?

"*A.*  He was doing about 45 or 50.

"*Q.*  When was he doing 45 or 50?

"*A.*  When we were coming over the hill, we
started down the grade, he was doing about 45, and

when I mentioned that he should stop the car he was already increasing his speed to about 55, 60 when—when it was last spoken about, when we were within about 100 feet or 150 feet the car started to sway, I don't know why, but Mr. Fischer must have changed his mind about what we were doing, I felt the car coming sideways, swaying, all I recall, we were—we hit the car, and our rear end of the car hit the other car on the right-hand side, and then we started to going out, and that is all I know.  *  *  *

"*Q.* Now then, tell us what more you said back and forth as you were going down the hill, if anything?

"*A.* He made one remark before we started to hit the car, he said to me, what am I going to do now?"

Defendant testified that he could have stopped the car, considering the speed at which he was traveling and the condition of the highway, within a distance of 500 feet, and that he saw the stalled car as soon as he came over the top of the hill.

The testimony also shows that because of the position of the stalled car at the foot of the hill, it was impossible for defendant's car to pass on either side of it.

To enable plaintiff, a guest passenger, to recover, it was necessary for him to establish that the accident occurred as a result of defendant's gross negligence or wilful and wanton misconduct. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).

In previous cases, we have attempted to define the elements that must be present to establish wilful or wanton misconduct within the provisions of the statute (*Willett* v. *Smith*, 260 Mich. 101), but have also pointed out that "any definition or attempted dissection of the phrase is only relative, not determinative or exclusive, and slight difference in facts produce different results" (*Schneider* v.

*Draper,* 276 Mich. 259), and that each case in which the issue is raised must be decided on its own particular facts. *Goss* v. *Overton,* 266 Mich. 62. And although excessive speed, warnings of passengers, refusal of the driver to heed warnings, may not as individual factual elements in a case be sufficient to charge a driver with wilful or wanton misconduct (*Bushie* v. *Johnson,* 296 Mich. 8), they may all be considered in arriving at the final conclusion.

In the instant case, it is apparent that defendant saw the car parked at the foot of the hill in ample time to have enabled him to stop and avoid a collision and it also must have been apparent to him that it was impossible to pass the stalled car on either side. Instead of attempting to stop, he increased his speed, accompanied by the statement, "Watch me, I'll get him off," and disregarded plaintiff's request to stop. His conduct, in view of the circumstances, exhibited a reckless state of mind and that he intended to disregard the apparent danger of which he had knowledge without regard to the consequences of the ensuing accident which must have been the only result obvious at the time. See *Sorenson* v. *Wegert,* 301 Mich. 497. A jury question was presented as to whether defendant was guilty of gross negligence or wilful and wanton misconduct and the trial court did not err in denying defendant's motions.

We find no error because the court permitted plaintiff to imitate the tone of voice used by defendant in the conversation occurring immediately prior to the accident as above described.

The case was at issue on April 14, 1941, and came on for trial on April 27, 1942. In March, 1942, before the pretrial judge, it was stated that the case was on the jury calendar, to which defendant's attorney made no objection. The demand for a jury

was filed on March 2, 1942, but defendant's counsel was never served with a copy thereof. On these facts defendant claimed it was error to permit trial by jury. Even though no demand therefor had been made, the granting of trial by jury was discretionary with the trial court. Court Rule No. 33 (1933, as amended in 1938). No abuse of discretion is evident in connection with this question.

The judgment is affirmed, with costs to appellee.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.