## KOCKS *v.* COLLINS.

1. AUTOMOBILES—GROSS NEGLIGENCE—WILFUL AND WANTON MIS-
CONDUCT—EVIDENCE.

   A jury question was presented as to whether defendant motorist
   was guilty of gross negligence or wilful and wanton miscon-
   duct, where his reckless conduct began when he started his
   vehicle, drove over 70 miles an hour on city street where speed
   limit was only 25 miles an hour, disregarded the reasonable
   expostulations and warning of his guests and in one instance
   increased his speed in response to a warning, the wild chase
   ending in a collision with a tree at the end of a 200-foot skid
   (CL 1948, § 256.29).

2. TRIAL—OBJECTION TO ADMISSION OF EVIDENCE.

   One objecting to the admission of evidence cannot later com-
   plain that the trial court erred in allowing its admission, if
   the objector does not make a proper objection.

3. NEW TRIAL—ADMISSION OF EVIDENCE—FAILURE TO MAKE PROPER
OBJECTION.

   Denial of new trial, sought because trial court had admitted evi-
   dence of conviction of defendant of reckless driving in guest
   passenger's action against motorist, was not error, where al-
   though it does not appear with certainty it seems apparent
   that defendant was convicted of violating city ordinance rather
   than a State statute and defendant failed to object to admis-
   sion of such evidence on ground that statute enacted after
   accident had occurred rendered evidence of a conviction of vio-
   lation of certain of its sections including that relating to reck-
   less driving inadmissible in civil actions (CL 1948, § 256.304;
   PA 1949, No 300, §§ 626, 731).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  5 Am Jur, Automobiles, §§ 241–243.
[2]  3 Am Jur, Appeal and Error, § 343 *et seq.*
[4]  5 Am Jur, Automobiles, § 617.

4. AUTOMOBILES—GROSS NEGLIGENCE—EVIDENCE—VIOLATION OF CITY ORDINANCE.

Police officer's testimony as to what he had observed at the scene of the accident in which plaintiff guest passenger was injured as defendant motorist was violating city ordinance was not improperly received in action against the motorist for while the violation of a city ordinance was not conclusive evidence that defendant was guilty of gross' negligence, it was a factor which jury could consider along with other circumstances in determining whether or not he was guilty of such conduct (CL 1948, § 256.29).

5. DAMAGES—FRACTURED BONES—PAIN AND SUFFERING—LOSS OF EARNINGS—DOCTOR'S CARE.

Verdict of $12,500 in guest passenger's action for injuries due to defendant motorist's gross negligence, characterized as a compensatory one by trial judge who entered judgment thereon, is not disturbed on appeal as excessive, where plaintiff suffered fractures of the jaw, checkbone, collarbone and 2 ribs, punctured lung, concussion of the brain, multiple lacerations and abrasions, underwent complicated and painful treatment and was unable to return to work for almost 3 months and was under a doctor's care for about 5 months.

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 10, 1951. (Docket No. 60, Calendar No. 45,055.) Decided May 14, 1951.

Case by William R. Kocks against Robert Collins and another for injuries sustained while a guest passenger in defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Walter Martin,* for plaintiff.

*Stanton, Montgomery, MacKenzie & Cartwright,* for defendants.

BUTZEL, J. William Kocks, plaintiff, a guest passenger, sought to recover for injuries sustained in an automobile accident in the city of Saginaw, Michigan, on April 20, 1946. Plaintiff claimed that the acci-

dent was caused by the gross negligence* of Robert Collins, defendant, the driver of the vehicle. Robert's father, George Collins, owner of the vehicle was joined as defendant. The jury found the defendants guilty of gross negligence and awarded damages of $12,500. Judgment was entered thereon. Motions for judgment notwithstanding the verdict, and a new trial were denied, and this appeal taken. Defendants claim there was no gross negligence as a matter of law, that there were errors in the admission of evidence, and that the verdict was grossly excessive.

On April 19, 1946, William Kocks and William Norris, a friend, who had just returned from the army, were spending an evening drinking and talking over old times as they went from bar to bar in the city of Saginaw. They were joined by Robert Collins, a friend of Kocks. At about 2 a. m. on April 20th Collins started to drive Kocks and Norris home. He was driving a new automobile, recently purchased, title being in the father's name. The automobile was parked in front of a bar on Wadsworth street in the city of Saginaw. Collins backed into Wadsworth street so quickly that the tires screeched in the loose gravel. He then accelerated rapidly as he drove east on Wadsworth street and turned north on Sixteenth street. Sixteenth street has a tarvia surface at this point. A railroad track crosses it about $\frac{1}{2}$ mile north of Wadsworth. The record does not indicate that there are any intersecting streets south of the railroad. The track was higher than the road, and the approaches were built up to a height sufficient to block the view of the driver to possible traffic approaching in the opposite direction. North of the railroad, Sixteenth street becomes a dirt road, smooth at the center but rutted and bumpy along the sides. Norman, Fuller and then Mercer streets in-

* See CL 1948, § 256.29 (Stat Ann § 9.1446).—REPORTER.

tersect Sixteenth street north of the railroad. Neither Norman nor Fuller has a stop sign to protect traffic on Sixteenth street.

As Collins accelerated on Sixteenth street, Kocks told him to slow down, that they were in no hurry. Norris repeated the request, and when Collins did not answer, he became angry and profane. Collins drove up the elevated approach at more than 70 miles an hour and "bounded" over the tracks. Norris again asked Collins to slow down but Collins accelerated in response. Collins passed both Norman and Fuller streets without slowing down. Half a block north of Fuller street there was a car traveling in the same direction. Both occupants warned Collins "not to pass that car." Collins turned to the left side of the road and passed the car driven by one Robar, who was going 25 miles per hour, and who testified that Collins passed him at such a rate as to make him believe he was standing still. Collins turned sharply to the right-hand side of the road after passing Robar and lost control of the car. It skidded into a ditch on. the right-hand side of the road, hit a tree, crossed the road, and was finally stopped by a tree over 200 feet past the point where the skid had begun. Kocks was thrown from the car and suffered very serious injuries.

Although Collins had been drinking, there was no testimony that he was intoxicated and unable to comprehend what he was doing. It seems likely that his actions were caused by a desire to demonstrate the mechanical efficiency of his car to his companions. The defendant had driven over the road before and knew that the road was not paved on the north side of the tracks.

The defendants maintain that as a matter of law this conduct does not constitute gross negligence, or wilful and wanton misconduct.

There is no necessity for a lengthy discussion of the legal principles involved for the law has been set forth in detail in our recent decisions. *Cramer* v. *Dye,* 328 Mich 370; *Davis* v. *Hollowell,* 326 Mich 673 (15 ALR2d 1160); *Titus* v. *Lonergan,* 322 Mich 112. The defendant drove at a speed greatly in excess of the lawful speed; he disregarded the reasonable expostulations and warnings of his guests, and in one instance increased his speed in response to a warning. The negligent conduct began the instant the defendant started his vehicle and continued until the accident occurred. The defendant knew that north of the railroad there was a dirt road He was bound to observe that the shoulders were rough and rugged, and that there was a ditch on the right (north) side of the road, and further, that the vehicle ahead of him was proceeding at a much less speed than he and both passengers warned the defendant driver not to pass the car ahead.

"His conduct, in view of the circumstances, exhibited a reckless state of mind and that he intended to disregard the apparent danger of which he had knowledge without regard to the consequences of the ensuing accident which must have been the only result obvious at the time. See *Sorenson* v. *Wegert,* 301 Mich 497. A jury question was presented as to whether the defendant was guilty of gross negligence or wilful and wanton misconduct and the trial court did not err in denying defendant's motions." *Greimel* v. *Fischer,* 305 Mich 45.

In view of the "continued persistency in defendant's course of misconduct after ample warning" we cannot say that he was free of gross negligence or wilful and wanton misconduct as a matter of law. *Rowe* v. *Vander Kolk,* 278 Mich 564.

The trial was held during the early part of October in 1949. A municipal judge of the city of Saginaw testified that Robert Collins had been convicted of

reckless driving and was fined. PA 1949, No 300, had become effective on September 23, 1949. Section 731 of that act (CL 1948, § 257.731 [Stat Ann 1949 Cum Supp § 9.2431]) provides:

"No evidence of the conviction of any person for any violation of this chapter shall be admissible in any court in any civil action."

The defendants, who had no knowledge of section 731 during the trial, discovered it subsequently and made it one basis of their request for a new trial. At the trial, the defendants objected to this testimony for reasons not argued in their brief, the sole objection on appeal being that the testimony was inadmissible under section 731. Defendants argued that because of the extended length of the Michigan vehicle code, the bar generally did not have knowledge of its contents in October, 1949.

Although it does not appear with certainty in the record, it seems apparent that Collins was convicted of violating the Saginaw city ordinance rather than CL 1948, § 256.304 (Stat Ann § 9.1564).* However, we will not rest our decision on that basis.

It is unfortunate that the defendants had no knowledge of section 731, but the rule is well established that if the opposing party does not make a proper objection to evidence, he cannot later complain that the trial court erred in allowing its admission. *O'Donnell v. Oliver Iron Mining Co.*, 273 Mich 27; *Renders v. Grand Trunk Railroad Co.*, 144 Mich 387. To hold otherwise would be to make the trial of a lawsuit a trap for the unwary or inexperienced and would be contrary to the sound judicial policy of promoting the speedy end of litigation. The trial court did not err in denying a new trial on this ground.

---

* For present law, see PA 1949, No 300, § 626 (CL 1948, § 257.626 [Stat Ann 1949 Cum Supp § 9.2326]).

It is argued that the testimony of the police officer who examined the scene after the accident, as to the speed limit on Sixteenth street, was improper. Defendants claim that this evidence is not material to the issue, for the violation of a city ordinance is not gross negligence, and the testimony only served to exaggerate the negligence of the defendant in the minds of the jury. There was no error. While the violation of an ordinance was not conclusive evidence that the defendant was guilty of gross negligence, it was a factor which the jury could consider as one of the surrounding circumstances in determining whether the defendant's conduct was sufficiently reprehensible to constitute gross negligence. There were other objections to this testimony at the trial, but they were without merit and not raised on appeal.

The plaintiff sustained a fracture of his jaw, a cheekbone, a collarbone, and the second and fifth ribs on the right side of his body. His lung was punctured, he had a concussion of the brain and suffered from multiple lacerations and abrasions. The treatment was complicated and painful. He was unable to return to work for almost 3 months and was under a doctor's care for about 5 months. The defendants' final contention is that the verdict was grossly excessive. In *Parr* v. *City of Detroit,* 272 Mich 659 (39 NCCA 681), we said:

"To set aside this verdict or provide for its reduction by remittitur, we must substitute our judgment for that of the jury and, we might add, for that of the trial judge as well."

In denying the motion for a new trial, the lower court said:

"Although the verdict in this case is substantial, it seems to be merely compensatory under the testimony."

The verdict is a fair one and we see no reason to disturb it on appeal.

The judgment and order of the trial court denying a new trial are affirmed. Costs to appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.