### HORTON v. FLESER.

1. AUTOMOBILES—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.*
    Each case of gross negligence or wilful and wanton misconduct in the operation of an automobile in which the plaintiff is a passenger must be determined upon the basis of the facts involved (CL 1948, § 256.29).

2. SAME—ELEMENTS OF WILFUL AND WANTON MISCONDUCT.
    The elements necessary to constitute wilful and wanton misconduct in the operation of an automobile in which a guest passenger is riding are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission · to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another (CL 1948, § 256.29).

REFERENCES FOR POINTS IN HEADNOTES
[1-7] 5 Am Jur, Automobiles §§ 240-243.
[1-7] What constitutes gross negligence or the like, within statute limiting liability of owner or operator of automobile for injury to guest.  74 ALR 1198, 86 ALR 1145, 96 ALR 1480.
    1480.
[8] 15 Am Jur, Damages § 218.
[9] 53 Am Jur, Trial § 906.

3. SAME—GUEST ACT—WILFUL AND WANTON MISCONDUCT—EXCESSIVE SPEED.

Excessive speed of an automobile unless accompanied by wilful and wanton misconduct, is insufficient to impose liability under the so-called guest act (CL 1948, § 256.29).

4. SAME—WILFUL AND WANTON MISCONDUCT—GUEST ACT—UNHEEDED WARNINGS.

The mere fact that the guest passenger gave the driver warnings which were not heeded does not, standing alone, constitute wilful and wanton misconduct under the guest act (CL 1948, § 256.29).

5. SAME—WILFUL AND WANTON MISCONDUCT—GUEST ACT—EXCESSIVE SPEED—UNHEEDED WARNINGS.

Excessive speed and failure of host driver to heed warnings given him by his guest passenger are proper objects for consideration by the jury in determining whether or not the driver was guilty of wilful and wanton misconduct under the guest act (CL 1948, § 256.29).

6. SAME—WILFUL AND WANTON MISCONDUCT—EVIDENCE.

Finding of jury that defendant host motorist was guilty of wilful and wanton misconduct in the operation of his northbound automobile in which plaintiff was a guest passenger *held*, supported by testimony showing, among other things, that defendant, in negotiating a curve on a winding road at excessive speed and after repeated warnings of the occupants, passed a sign-reading "narrow bridge" and thereafter struck west abutment at 11 p.m. (CL 1948, § 256.29).

7. SAME—WILFUL AND WANTON MISCONDUCT—JOINT ENTERPRISE—QUESTION FOR JURY.

Action of the trial court in case wherein liability under the guest act was sought to be imposed by plaintiff guest passenger was in accordance with previous decisions of the Supreme Court, where he left for jury's determination the issues of whether or not defendant had been guilty of wilful and wanton misconduct and whether or not the parties had been engaged in a joint enterprise (CL 1948, § 256.29).

8. DAMAGES—LEG INJURY—PAIN AND SUFFERING.

Verdict of $25,000 to guest passenger *held*, not excessive, where injuries resulted in such a serious injury to his leg as may yet necessitate amputation more than 3 years following the injury, plaintiff had sustained a serious loss of earning capacity, hospital and medical expenses, permanent injuries and much

pain and suffering, and while the verdict is substantial, it appears to be merely compensatory.

9. TRIAL—MISTRIAL—ENCOUNTER OF JUROR WITH WIFE OF A PARTY.
   It was not error for trial court to deny motion for mistrial because wife 'of plaintiff in action for damages had encountered a woman member of the jury in the only restroom available on that floor of the county building but no impropriety appears to have taken place in the casual conversation which may have been had.

10. AUTOMOBILES — GUEST ACT — INSTRUCTIONS — REQUESTS TO CHARGE.
    Instructions given jury and denial of requests to charge in action under the guest act *held,* not to have resulted in error (CL 1948, § 256.29).

11. SAME—NEW TRIAL.
    Denial of new trial in action under the guest act *held,* proper under record presented (CL 1948, § 256.29).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 6, 1954. (Docket No. 4, Calendar No. 46,031.) Decided June 7, 1954.

Case by Clifford M. Horton against G. Glen Fleser for damages for personal injuries sustained while a passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Stanley Cheff,* of counsel), for defendant.

BUSHNELL, J. This action was brought by plaintiff Clifford M. Horton to recover damages for his personal injuries and the money expended as a result thereof after an automobile accident which occurred on May 28, 1949. At the time Horton and

his wife were in the rear seat of a car driven by defendant G. Glen Fleser, with his friend, Mrs. Beulah Voltz, in the front seat. The parties, on their way to Torch lake, were about a mile and a half from their destination, where the road curved before it crossed the Arwood bridge over Rapid river. The Fleser car, in negotiating the curve on a winding road at excessive speed and after repeated warnings of the occupants, passed a sign reading, "Narrow Bridge," and thereafter struck its west abutment, at about 11 p.m.

Plaintiff's action was upon the theory that he was either engaged in a joint enterprise with Fleser or was a guest passenger in defendant's car. Both questions, under appropriate instructions, were submitted to the jury, which found that Horton was a guest passenger and rendered a verdict in his favor of $25,000. Motions for judgment *non obstante veredicto* and for a new trial were denied.

Appellant argues that the court erred in submitting to the jury the questions of whether defendant was guilty of wilful and wanton misconduct; whether the parties were engaged in a joint enterprise; the excessiveness of the verdict; error in refusing certain requests to charge and in an instruction to the jury; refusal to grant a mistrial and in permitting counsel to argue proposed special questions which were not thereafter submitted to the jury. The controlling one is whether the claim of wilful and wanton misconduct was a question of law or fact.

The term "gross negligence or wilful and wanton misconduct" has been defined in numerous cases, among which are *Goss* v. *Overton,* 266 Mich 62; and *Titus* v. *Lonergan,* 322 Mich 112. In both of these it was held that each case must be determined upon the basis of the facts involved. In the *Titus Case* the Court referred to *Willett* v. *Smith,* 260 Mich 101,

where it was said that the elements necessary to constitute wilful and wanton misconduct may be summarized as follows (p 104):

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' "

Excessive speed, unless accompanied by wilful and wanton misconduct, is insufficient to impose liability under the so-called guest act. *Bushie* v. *Johnson*, 296 Mich 8. For the statute involved, see CL 1948, § 256.29 (Stat Ann § 9.1446). The mere fact that the guest passenger gave the driver warnings which were not heeded does not, standing alone, constitute wilful and wanton misconduct. *Greimel* v. *Fischer*, 305 Mich 45; *Rogers* v. *Merritt*, 307 Mich 459; and *Cramer* v. *Dye*, 328 Mich 370. However, this in addition to other circumstances is a proper object for consideration by the jury in arriving at its conclusion.

The finding of the jury that defendant was guilty of wilful and wanton misconduct in the operation of his automobile is supported by the testimony. Defendant's contention to the contrary is not in accord with the findings of this Court in the recent cases of *Kocks* v. *Collins*, 330 Mich 423; *Price* v. *Western*, 330 Mich 680; and *Cain* v. *Enyon*, 331 Mich 81.

The record is replete with testimony, too lengthy to quote in this opinion, which, taken in its entirety, presents a question of fact for the jury's determination, and the trial court did not err in submitting this and the one of joint enterprise to the jury.

Defendant says that the language in the *Price Case,* where we said: "To the extent that previous decisions of the Court seem to hold to the contrary we now decline to follow the same," does not alter the applicable law.

We did not in the *Price Case* expressly or impliedly overrule previous decisions or promulgate any change in requirement that wilful and wanton misconduct must be found. Our observation was made only for the purpose of restricting the discretion of the trial judge in such cases for the purpose of preventing him from usurping the jury's proper function as a trier of the facts. The action of the trial judge in the instant case is in full accord with this judicial mandate.

We do not mean, even now, to say that in a proper case and under certain circumstances that the trial judge cannot direct a verdict or enter a judgment *non obstante veredicto* in the exercise of his judicial discretion.

We are in accord with the trial judge's view that the verdict of $25,000 was not excessive. The case was tried 3 years and 4 months after the accident, and plaintiff's leg was then still in a cast, and he had in the meanwhile undergone several remedial operations. His physician stated that a chronic nonunion of the fracture was complicated by infection and that Horton's condition might not improve, and that eventually amputation might have to be performed. The serious loss of earning capacity, hospital and medical expenses incurred, the probability of permanency, pain and suffering, emphasize the fact that the verdict is not such as to shock the conscience of the court; although substantial, it appears under the testimony to be merely compensatory.

During a recess in the trial, plaintiff's wife had occasion to visit a restroom which, although con-

nected with the jury room, was the only one available for anyone on that floor in the county building. There she encountered a woman member of the jury, but inquiry failed to develop any impropriety in the casual conversation that may have taken place. The circumstances have been re-examined and we feel the court did not err in denying defendant's motion for mistrial.

The charges which were declined by the trial judge and those given by him to the jury have been examined, with the conclusion that the court fairly instructed the jury. Therefore, the claimed errors in this case cannot be sustained; nor does the record justify a new trial; hence, the denial of such a motion was proper. The judgment is affirmed, with costs to appellee.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.