### BROOKS v. HAACK.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-CEASED.

Lips of defendant, an occupant of car which was wrecked as it killed plaintiff's decedent, also an occupant, were sealed when deadman's statute was invoked by plaintiff (CL 1948, § 617.65).

2. AUTOMOBILES—GUEST PASSENGERS—WILFUL AND WANTON MIS-CONDUCT.

Liability for gross negligence or wilful and wanton misconduct under the guest passenger act is imposed, not because of any single factor, but because of a sum total of all factors which together manifest a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences, an affirmatively reckless state of mind with intent to depart from careful driving (CLS 1961, § 257.401).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 214 *et seq.*
Testimony to facts of automobile accident as testimony to a "transaction" or "communication" with a deceased person, within deadman's statute. 80 ALR2d 1296.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 471.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 487, 488, 507, 899.

3. SAME—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT—
EVIDENCE.

Evidence presented in action by administratrix of estate of occupant of car against the owner and alleged driver in which the latter was charged with gross negligence and wilful and wanton misconduct *held*, insufficient to sustain such charge, where it is shown that car was driven at approximately 2 a.m. late in December by a teen-age boy at such speed on a straight and level 2-lane road that it traversed a shallow ditch approximately 99 feet to a utility pole with which it collided so as to demolish the car and kill plaintiff's decedent, only some speed and loss of control being shown (CLS 1961, § 257.401).

Appeal from Macomb; Carroll (Howard R.), J. Submitted May 7, 1964. (Calendar No. 58, Docket No. 49,966.) Decided January 4, 1965.

Case by Geneva Brooks, administratrix of the estate of Freddie Brooks, deceased, against Winifred Haack and Roger Haack for damages from death of guest passenger occurring when automobile left highway. Verdict and judgment for plaintiff. Defendants appeal. Reversed.

*John H. Cresswell,* for plaintiff.

*Panzer & Geymann (Walter Shapero,* of counsel), for defendants.

SMITH, J. Two teen-age boys were riding in a car on the early morning of December 26, 1960, on 32 Mile road in Macomb county. The car left the road, going to the opposite side, went into and traversed a shallow ditch, then struck a utility pole and was completely demolished. One of the boys, Freddie Brooks, age 14, was killed. His mother, as administratrix of his estate, brought this suit against Roger Haack, the only other occupant of the car, and Roger's mother, titleholder of the car. Plaintiff

charged Roger Haack under the guest passenger act[1]
with gross negligence or wilful and wanton miscon-
duct. The jury returned a verdict for plaintiff in the
amount of $3,000. On denial of motion for judgment
notwithstanding the verdict and for a new trial,
defendants appeal.

Several issues are raised; one, however, appears
clearly dispositive. Defendants say the finding that
Roger Haack engaged in wilful and wanton mis-
conduct is against the great weight of the evidence.
Plaintiff says not so, relying upon certain physical
evidence hereinafter discussed.

The facts, insofar as pertinent to this review, are
as follows. The two boys, Roger and Freddie, were
with two girls from about 9 p.m. to 2 a.m., traveling
about in a car owned by the father of one of the
girls. At or about 2 a.m. the boys were brought
to the Haack car which was parked on the street
near the home. The boys, immediately upon leaving
the girls, got into the Haack car and drove off. Who
was driving is an issue we need not decide. In any
event, a short time later the car was found wrecked,
with Freddie in the wreckage and apparently dead,
while Roger was found seated on the ground in an
injured condition. No other car was involved.
There were no eyewitnesses to the crash, nor to the
events leading up thereto, except Roger Haack
whose lips were sealed by plaintiff's invocation of the
deadman's statute.[2]

However, there were certain physical facts. The
road was two-laned and blacktop. In the region of
the accident it was straight and level and in good
repair. The road was wet but not icy. The atmos-
phere was described as misty but visibility was good.
There were no skid marks on the paved portion of
the road, but on the opposite side of the road lead-

1 CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).
2 CL 1948, § 617.65 (Stat Ann § 27.914), now CLS 1961, § 600.2160
(Stat Ann 1962 Rev § 27A.2160).

ing up to the wrecked car were track and groove marks extending approximately 99 feet in and about a shallow ditch which the car apparently traversed before striking a utility pole and coming to rest. Parts from the car were strewn over the area. The car was badly wrecked with the rear-end practically torn away.

A large number of cases have been before this Court on the issue of what constitutes a sufficient fact-showing to sustain a verdict for gross negligence or wilful and wanton misconduct. In the case of *Stevens* v. *Stevens*, 355 Mich 363, this Court had occasion to test anew the statutory standard of "gross negligence or wilful and wanton misconduct." In that case, before commencing the trip defendant driver visited two bars for whiskey. On that tragic night the car was being driven over a blacktopped two-lane highway. The night was described as very foggy and the road surface wet. Defendant driver was quarrelling vigorously with his wife, a passenger in the car. There was a sharp curve in the road which defendant failed to make and left the road at that point, proceeding on to smash a concrete culvert 18 inches thick and reduce the car to a mass of metal. The Court held that liability is imposed not because of any single factor, but because of a sum total of all factors which together manifest a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences.

In the case of *Anderson* v. *Gene Deming Motor Sales, Inc.,* 371 Mich 223, there was a showing that the driver of the automobile was disturbed over recently "breaking up with his girl friend," that he disregarded warnings and drove over a "washboardy" gravel road at speeds up to 90 miles an hour and that as a result the car struck a tree on the right side of the road, caromed across and down the

road for some distance, striking two more trees and a boulder before becoming imbedded in still another tree. In that case, we held that a jury question was presented on whether or not the facts constituted gross negligence or wilful and wanton misconduct under the statute.

The *Stevens* and *Anderson Cases,* along with *McKenzie* v. *McKenzie,* 374 Mich 320, are 3 of more recent decisions in a long line of cases construing the guest passenger statute. The thread which seems to run through all is a showing that the driver had "an affirmatively reckless state of mind with intent to depart from careful driving." *Sorenson* v. *Wegert,* 301 Mich 497, 511; *Greimel* v. *Fischer,* 305 Mich 45. Such wilful and wanton misconduct may be shown by a sum total of factors. Thus in *Stevens,* it was type and condition of the road, the curve, speed, fog, liquor and a heated quarrel in the car. In the *Anderson Case,* it was excessive speed over a poor road, emotional disturbance over a love affair, and disregard of warnings. In *McKenzie,* it was rainy weather at dusk, speed of 60 to 70 miles per hour in a 35-mile zone, together with weaving in and out of heavy traffic.

In *Peyton* v. *Delnay,* 348 Mich 238, the driver operated the car at speeds up to 85 miles per hour on a dirt road, failed to heed repeated warnings, and the car was wrecked at a 90-degree turn. The driver in *Cain* v. *Enyon,* 331 Mich 81, also drove at an estimated speed of 75 miles per hour, and failed to heed warnings of passengers. The car went out of control on a curve. In *Cramer* v. *Dye,* 328 Mich 370, defendant driver caused his passengers to be thrown from side to side in the car, hit 2 mailboxes, barely missed a head-on collision by driving on the wrong side of the highway, and also failed to heed warnings. In *Price* v. *Western,* 330 Mich 680, the driver was intoxicated, drove at excessive speed and failed

to heed warnings. In *Horton* v. *Fleser,* 340 Mich 68, the driver also failed to heed warnings and while driving at excessive speed hit the abutment of a bridge which was posted with a sign reading "Narrow Bridge." In *Tuinstra* v. *Lynema,* 340 Mich 534, the driver, while attempting to overtake and pass a car, ran alongside of it on the wrong side of the road for 1/2 mile at a speed of 50 to 60 miles per hour while waiting for the overtaken car either to decrease or increase speed, when he could have decreased his speed and returned to his proper lane. Collision was with an oncoming car. In *Tien* v. *Barkel,* 351 Mich 276, the Barkel car had been racing with another at speeds estimated at 80 to 90 miles per hour. It left the pavement on a curve 520 feet from the tree it struck.

The above cited cases are sometimes alluded to as modern decisions of this Court in which findings of gross negligence or wilful and wanton misconduct have been sustained. In each case there has been some proof of the driver's reckless behavior, something other than a mere showing of the results, awful as they may have been. From minimal to maximal, each case has shown, in the sum total of factors, each driver to have been in "an affirmatively reckless state of mind with intent to depart from careful driving."

But in the instant case, we have an absolute void as to what was the driver's behavior leading up to the accident. Was it fright? Was it mere sleepiness? Inexperience? Or was the speed so greatly excessive as to constitute gross negligence or wilful and wanton misconduct? The proofs seem to provide no adequate answer.

Viewing, therefore, the facts in the light most favorable to plaintiff, we are unable to say that in this case a jury question was presented. The sum total of all circumstances would show only that the

car left the straight and level road, had enough force to traverse a shallow ditch for the approximate distance of 2 narrow city lots, with such remaining force as to be demolished on collision with a utility pole. Some speed and loss of control are indicated, but what is there to show that this accident was different from hundreds of others arising out of ordinary negligence only? We are asked to assume by the extent of the wreckage and of the gouge marks in the earth that this indicated conduct on the part of defendant Roger Haack that manifested a high degree of danger with manifest probability that harm would result therefrom and an utter disregard of probable consequences. It is not that in such a case liability is unprovable, but that here proofs offered were insufficient. The case is too thin to be sustained.

Judgment reversed. Costs to appellants.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.