FORS *v.* WATERS.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   The Court of Appeals does not consider issues not raised by the parties for review.

2. AUTOMOBILES—GUEST PASSENGER—APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   The Court of Appeals does not consider the correctness of trial court's holding that plaintiff was a guest passenger in defendant's automobile, where the issue is not raised on appeal (CLS 1961, § 257.401).

3. SAME—GROSS NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
   Claim that there was insufficient evidence to sustain a jury verdict for plaintiff, based upon gross negligence under the guest passenger act *held*, without merit, where the undisputed evidence established that plaintiff accompanied defendant, in defendant's vehicle, on a trip to town for the purpose of allowing defendant to make a long distance telephone call and purchase some cigars, that the parties heard strange noises emanating from the vehicle's engine as they made the trip, that upon reaching their destination, defendant opened the hood of the vehicle and requested that plaintiff, a mechanic, seek to determine the cause of the noise, and that while plaintiff was checking parts of the engine to determine the cause of the noise, defendant, without warning, and while unable to see plaintiff because of the open hood, suddenly started the engine of the vehicle, causing plaintiff's thumb to be severed by a generator pulley, such evidence being sufficient to justify the jury in finding defendant guilty of gross negligence (CLS 1961, § 257.401).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 723 *et seq.*
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 486 *et seq.*

4. SAME—GROSS NEGLIGENCE—EVIDENCE—THUMB INJURY.

    Judgment for plaintiff, based upon a verdict finding defendant guilty of gross negligence in operating his automobile and awarding damages, *held* properly supported by the evidence, where it was undisputed that plaintiff accompanied defendant, in latter's car, to a nearby town on latter's personal errand, that the parties heard strange noises emanating from the engine of defendant's vehicle, that upon reaching town, defendant opened the hood of the vehicle and requested plaintiff, a mechanic, to examine the engine for the purpose of determining the cause of the noise, and that while plaintiff was checking parts of the engine, defendant, without warning, and while his view was blocked by the open hood, suddenly started the engine of the vehicle, causing plaintiff's thumb to be severed by a generator pulley (CLS 1961, § 257.401).

Appeal from Ontonagon; Wright (Robert B.), J. Submitted Division 3 May 10, 1967, at Marquette. (Docket No. 2,249.) Decided November 27, 1967.

Complaint by Rueben Fors against Charles F. Waters, for damages for loss of a thumb when defendant started the engine of his vehicle as plaintiff was inspecting it to determine the cause of a noise. Judgment for plaintiff. Defendant appeals. Affirmed.

*Walsh & Munro,* for plaintiff.

*Humphrey & Weis,* for defendant.

FITZGERALD, P. J. The accident which was the genesis of this appeal occurred on May 29, 1963, when defendant, without warning, started the engine of his car while it was being inspected by plaintiff, thereby snipping off part of plaintiff's thumb. A jury verdict for $2,500 is appealed on the basis that plaintiff did not sustain the burden of proof in demonstrating gross negligence or wilful and wanton misconduct on defendant's part,

and that as a matter of law defendant was entitled to a judgment of no cause of action.

The pertinent events leading up to the thumb-cropping are these: Defendant Waters stopped at plaintiff Fors' home in Ewen for a short visit in the evening. During that time, he stated that he wanted to go downtown to make a telephone call and get some cigars. They left together in defendant's car and during the 2½ mile trip defendant noticed peculiar noises emanating from the vehicle's motor. Defendant, professing little knowledge of such matters, asked plaintiff's opinion as to what it might be. Plaintiff suggested that it might be the fan belt or generator pulley or water pump. On arriving in Ewen, defendant parked his car beneath a street light in front of the Marcella Hotel. Both alighted from the car and defendant immediately raised the hood, asking plaintiff if he might be able to discover the source of the noise in the motor. Plaintiff, standing by the front of the car, began to inspect the motor and defendant walked around, got back into the car and suddenly turned the motor on, his vision of plaintiff being obscured by the hood of the vehicle. When the motor was turned on, plaintiff had his hand on a generator pulley and part of his thumb was caught in the pulley and the distal portion pulled off.

Suit was begun on an ordinary negligence theory and defended on the basis that plaintiff was a guest passenger at the time of the accident. Following the taking of depositions, defendant filed a motion for summary judgment on the basis that plaintiff was a guest passenger at the time of the accident and that his complaint for ordinary negligence failed to state a claim upon which relief could be granted. In response thereto, plaintiff filed a motion to amend, charging defendant with wilful and wanton negligence. On hearing, the court found

that plaintiff was a guest passenger, but permitted the amendment and trial followed. The correctness of the court's ruling that plaintiff was a guest passenger has not been raised by appellee, and is not, therefore, an issue for determination in this case. In this connection, however, see *Hunter* v. *Baldwin* (1934), 268 Mich 106, and *Townsend* v. *Scupholm* (1966), 3 Mich App 135, 139.

On appeal, defendant relies heavily on discussions of gross negligence found in 2 cases, specifically *Brooks* v. *Haack* (1965), 374 Mich 261, and *Stevens* v. *Stevens* (1959), 355 Mich 363. A review of the record, however, indicates that appellant's present position does not square with the theory on which the case was tried. The record reveals that the jury instruction on gross negligence or wilful and wanton misconduct was delivered as requested by defendant and drawn verbatim from elements first set down by the Supreme Court in *Willett* v. *Smith* (1932), 260 Mich 101, in the following language:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) The omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."

This test, reiterated in *Titus* v. *Lonergan* (1948), 322 Mich 112, appears to us to have been fulfilled by the proofs adduced in the instant case. To switch on an automobile motor after requesting another to examine that motor, with the vision of that other person obscured, and giving no warning that the engine was to be started, satisfies the Court

that a genuine jury issue was framed and properly submitted.

Were we, however, to depart from this test of gross negligence and shift on appeal to the material defendant now extrapolates from *Brooks* and *Stevens, supra,* we feel that again plaintiff's burden of proof would be sustained. In *Brooks,* the Court analyzed the holding in *Stevens* by stating (p 264):

"The Court held that liability is imposed not because of any single factor, but because of a sum total of all factors which together manifest a high degree of danger, a manifest probability that harm will result therefrom, and an utter disregard of the probable consequences."

Defendant's brief sums up by saying:

"What happened in this unfortunate accident, was that two people had different ideas of what one would do in checking a motor to find out what was causing a noise while the engine was running. *To a skilled mechanic like the plaintiff,* it meant getting inside the operating parts and testing pulleys, belts, and other running parts. *To an inexperienced person, like the defendant,* it meant turning on the engine so that one could hear better what was wrong and locate the difficulty quickly." (Emphasis supplied.)

In conclusion, we can only say that such subjective reasoning furnishes no test of gross negligence and that on the record before us we find plaintiff's burden of proof adequately sustained.

Affirmed. Costs to appellee.

BURNS and HOLBROOK, JJ., concurred.